Hart, J.
 

 The Court of Appeals held that it was the duty of the board of review to consider the claimant’s statement of October 10, 1945, as well as the record before it on review. This court concurs in that view.
 

 The principal question here is whether the claimant was “available for work” within the meaning of Section 1345-6, General Code. The appellant contends that, since the claimant did not have adequate transportation facilities and was available only for daytime work, she was not “available for work,” and that to be entitled to compensation she must be available for any shift “around the clock.”
 

 It is generally held that no hard and fast rule as to what constitutes availability for work can be adopted; that availability depends in part on the facts and circumstances in each case; and that in general the availability requirement of the statute is satisfied where a worker is able and willing to accept suitable work at a point where there is an available labor market, which work he does not have good cause to refuse.
 

 Appellant in support of its contention, cites a number of cases, some of which nearest in point as authority will be noted.
 

 In the case of
 
 Hunter
 
 v.
 
 Miller,
 
 148 Neb., 402, 27 N.
 
 *422
 
 W. (2d), 638, the claimant resided at Oakdale where there was no labor market. She refused to accept work at other points unless housing facilities were assured for herself and family. The court held her not to be available for work, observing that claimant was willing to accept employment only on her own terms, and that she was not genuinely attached to the labor market.
 

 In the case of
 
 Wiley
 
 v.
 
 Carroll,
 
 Dir.,- Mo.,-, 201 S. W. (2d), 320, the court held that one who not only voluntarily and because of personal affairs quit her employment but also moved into a community in which there was no reasonable prospect of employment in her customary occupation, was not available for work under the statute.
 

 In the case of
 
 Copeland
 
 v.
 
 Oklahoma Employment Security Commission,
 
 197 Okla., 429, 172 P. (2d), 420, the claimant resided in a town of 500 population, 45 miles distant from Oklahoma City where jobs were available from 8:00 a. m. to 5:00 p. m., but he was unable to secure transportation from his home to work during those hours. He was offered a referral to a job at Norman, Oklahoma, 65 miles from his home, with transportation furnished over a portion of the route, but he refused the referral on the ground that the job was' too far from his home and that he had no transportation. The court held he was not available for work.
 

 In the case of
 
 Jacobs
 
 v.
 
 Office of Unemployment Compensation and Placement,
 
 - Wash., -, 179 P. (2d), 707, the claimant, a married woman with five children living with her husband at Junction City, Washington, was employed during World War II as a riveter at Hoquiam, five miles distant from her home. She rode to work in the family car with members of the family or with neighbors. In September 1945, the plant where she worked shut down leaving her without employment. She was offered a referral
 
 *423
 
 to work in Hoquiam but she refused to accept for the reason the work .was in the presence of dust and paid only 68% cents per hour whereas she had been receiving 110% cents per hour. Later she was referred to a job in Aberdeen but she refused to accept because of the presence of dust and because the rotation of shifts made it impossible for her to be home at nights with her children. The court held that she was not available for work so as to be entitled to compensation because she attached conditions to the type and hours of work and had not actively sought work.
 

 This court is of the opinion that the cases above reviewed are distinguishable from the instant case and • are not controlling.- Claimant did not quit work voluntarily as distinguished from the conduct of the claimant in the recent case of
 
 Farloo
 
 v.
 
 Champion Spark Plug Co.,
 
 145 Ohio St., 263, 61 N. E. (2d), 313, but lost her job because of lack of work. It then became necessary for her to reside near Swanton. She was given no referral which she refused to accept. The undisputed evidence is that she had transportation which would permit her to work a full day in usual daytime hours. The record does not show that any referral or job was offered her for either nighttime or daytime hours, and she did not refuse to accept any employment.
 

 The Court of Appeals, in reversing the judgment of the Court of Common Pleas, said:
 

 “The state contends that because Mrs. Leonard could not accept a job to work on any shift at any time of day, but was only available for daytime work, she was not ‘available for work.’ This construction of the law is too narrow if it is to be ‘liberally construed to accomplish the purposes thereof.’ At the time of the hearing before the referee, she was available dur
 
 *424
 
 ing the usual working daytime period. *
 
 *
 
 *
 

 “Keeping in mind ‘the purpose’ of the act, and its liberal construction — the spirit of the law — she was ready for work when she could ride with the neighbor, and when this came to the attention of the officers administering the law, as it did' on the hearing before the referee, she should have been restored to compensation.”
 

 This court concurs in that view. The judgment of the Court of Appeals is affirmed, and the cause is remanded to the bureau to grant proper compensation to the claimant.
 

 Judgment affirmed.
 

 Matthias, Sohngen and Stewart, JJ., concur.
 

 Zimmerman, J., not participating.