MARGARET LORE, Appellant, v. UNEMPLOYMENT COMPENSATION COMMISSION OF THE STATE OF DELAWARE, Appellee.

(*February* 28, 1952.)

HERRMANN, J., sitting.

*William E. Taylor* for Appellant.

*Frank L. Speakman* and *Robert V. Huber* for Appellee.

Superior Court for New Castle County, No. 798, Civil Action, 1951.

HERRMANN, J.:

This is an appeal from the denial by the Delaware Unemployment Compensation Commission of the appellant's claim for unemployment compensation benefits. The Commission denied the claim upon the ground that the appellant was not "actively seeking work" within the meaning of that phrase as used in the Delaware Unemployment Compensation Law.

 The Commission found as a fact that the appellant registered for work with the State Employment Service but that she made no other effort to find employment. The record sup-

ports this finding and it is, therefore, conclusive. 41 *Delaware Laws, Chapter* 258, *Sec.* 6 (*i*).

 The Statute provides that an unemployed person shall be eligible for benefits only if he is found to be (1) able to work, (2) available for work, and (3) actively seeking work.[1] The third eligibility requirement is contained in few other unemployment compensation statutes and it has been subjected to little judicial interpretation. It is not possible to state precisely what constitutes a sufficient effort to obtain employment within the meaning of the third statutory requisite. It is clear, however, that a claimant for unemployment compensation benefits must do more than be passively available and waiting for work. In order to be entitled to benefits, he must actively hunt for employment and if, after reasonable effort, he cannot obtain his usual type of work, he is obliged to search for such other suitable work as he may be able to do. Compare, *Guidice v. Board of Review of Division of Employment Security*, 14 *N. J. Super.* 335, 82 *A.* 2d 206; *Wagner v. Unemployment Compensation Commission*, 355 *Mo.* 805, 198 *S. W.* 2d 342, 344.

 It is held that the Commission properly concluded that registration with the State Employment Service, without more, is not sufficient to meet the "actively seeking work" requirement of the Statute.

Accordingly, the appeal will be dismissed. An Order may be submitted on notice.

---

[1] 41 *Delaware Laws, Chapter* 258, *Sec.* 4(*c*), *Chapter* 162, *Sec.* 3.