Leach, Admr., Bureau of Unemployment Compensation, Appellee, v. Board of Review, Bureau of Unemployment Compensation, et al., Appellants.[*]

(No. 25576—Decided November 16, 1961.)

*Mr. Mark McElroy*, attorney general, and *Mr. A. L. Greenspun*, for appellee.

*Mr. Mark McElroy*, attorney general, and *Mr. Frank Szymanski*, for appellant Board of Review.

*Mr. T. G. Brichze*, for appellant The Midland Ross Corporation.

Skeel, J. This appeal comes to this court on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County, entered on February 27, 1961, reversing, on appeal, the decision of the Board of Review, Bureau of Unemployment Compensation, state of Ohio.

The claimant, William R. Bragg, had been an employee of The Midland Ross Corporation where he worked as a forming press helper. He was laid off on June 14, 1960, "due to reduction in work force." Within four days after he was laid off, he went to Glen Jean, West Virginia, which had been the place of his former residence and from which he had come to Cleve-

---

*Motion to certify the record overruled, March 28, 1962.

land to find work. His statement in the record is that he went to Glen Jean because of his wife's condition and for the purpose of securing care for her. The record shows the following statement of the applicant on that question:

"Q. Why did you leave Ohio after you were laid off? A. I couldn't get a job there and my wife was pregnant and I had to bring her back here for someone to take care of her.

"Q. And it was cheaper. A. Yes."

After being laid off, the applicant was in this jurisdiction for four days, before going to West Virginia, without registering for work or seeking employment in Cleveland. The claimant filed his first claim for benefits with the West Virginia Department of Employment Security on June 21, 1960, at Oak Hill, West Virginia, just one week after being laid off, that is at the end of the waiting period. The evidence is uncontroverted that Oak Hill is a town of 5,000 people with very limited job opportunities, confined for the most part to mining.

The question is, therefore, presented as to whether the claimant qualified for unemployment compensation benefits under the provisions of Section 4141.29 (A), Revised Code (128 Ohio Laws, 1308, 1324, 1325), which read, in part:

"(A) No individual is entitled to a waiting period or benefits for any week unless he:

"(1) Has filed a valid application for determination of benefit rights in accordance with Section 4141.28 of the Revised Code;

"* * * *

"(4) Is able to work and is both available for suitable work and making such efforts to obtain suitable work as the administrator may require, considering, along with other pertinent factors, his chances of returning to his previous work, the methods by which an individual in his occupation normally obtains work, the length of his unemployment, and the specific conditions of employment and unemployment prevailing in his locality."

The record shows that upon consideration of the claimant's request for benefits by the administrator he allowed the claim, holding the claimant was entitled to benefits for the week ending June 27, 1960. The employer requested reconsideration, which, upon consideration, came to the same result, and, upon appeal by the employer, the referee reversed the decision of the

administrator. The findings of fact upon which the decision of the referee was based are, in part:

"Claimant left the Ohio area of his employment within a few days after his lay-off because his wife was pregnant and he wished to bring her to West Virginia to secure care for her. In addition, his living expenses in the latter location would be less than in Ohio. Claimant describes the employment situation in West Virginia as being very poor in that few people are getting jobs at the present time. * * *

"Claimant's base period employment and recent work history is that of an industrial employee operating specialized machinery. His last work was that of forming press operator. It does not appear from the records in the file or the transcript of testimony that the claimant was in an area where work of this nature was performed or available to him. * * * The record does not establish that during week ending June 27, 1960, that the claimant was available for suitable work within the requirements of Section 4141.29 (A) (4) nor that he could properly certify that he was unable to obtain suitable work as required by paragraph (5) of this section."

The entry of the Court of Common Pleas, to which court an appeal of the referee's decision was taken by the administrator, in reversing the decision of the referee, is that "* * * The court finds that the decision of the Board of Review, Bureau of Unemployment Compensation is unlawful and unreasonable." The basis of this decision is not explained by opinion or otherwise.

The amendment to Section 4141.29, Revised Code, effective October 16, 1959, as quoted, did not intend to put within the power of the administrator the right to determine without supporting facts that a claimant is entitled in all events to unemployment compensation, and the rule-making power provided for by subdivision (b) under paragraph (4) does not empower the administrator to administer the unemployment compensation fund as if it were job insurance. Not only must there be some evidence that the claimant is able to work and available for work but he is also required to seek work by "the methods by which an individual in his occupation normally obtains work." This the claimant, by his own testimony, failed to do.

We are not here concerned with the question of burden of proof. The only testimony in the record is that of the claimant

and from that testimony it cannot be disputed but that he left an industrial area and took up his residence at the place where the chances of finding any kind of work, to say the least, were remote.

For the foregoing reason, we find the judgment of the Court of Common Pleas is contrary to law in that the decision of the referee was not unlawful, unreasonable or against the manifest weight of the evidence. Section 4141.28 (N), Revised Code. Such judgment is, therefore, reversed and the decision of the referee affirmed.

*Judgment reversed.*

KOVACHY, P. J., concurs.

HURD, J., dissenting. In my opinion the decision of the Administrator of the Bureau of Unemployment Compensation, holding that claimant was eligible for benefits for the week ending June 27, 1960, was correct and should not have been reversed by the referee.

It follows that the judgment of the Court of Common Pleas, reversing the decision of the referee and the Board of Review as being unlawful and unreasonable, should be affirmed.

The majority opinion quotes only part of the testimony taken out of context. The entire record should be considered.

Upon a consideration of the entire record, it will be found that the provisions of Section 4141.29 (A), 4141.29 (A) (4) and 4141.29 (A) (4) (b) of the Revised Code were properly given effect by the administrator but that the referee erroneously gave effect to Section 4141.29 before it had been amended October 16, 1959.

A complete reading of the record discloses that the claimant was ready, able and willing to work and that he complied with the admnistrator's requirements in all respects.

The record shows that the claimant was an interstate claimant and properly registered as such according to law. It shows further that he still attempted to secure work from his former employer, The Midland Ross Corporation of Cleveland, Ohio. His testimony, which is entirely undisputed, is as follows:

"Q. Has The Midland Ross Corporation of Cleveland offered you any employment since they laid you off? A. No. I was there this past Friday and they said I would be called back this week or next week."

In view of the facts and applicable law, the judgment of the Court of Common Pleas should be affirmed.