379 P.2d 57

Helen M. PARSONS, Petitioner-Appellee,

v.

EMPLOYMENT SECURITY COMMISSION
of New Mexico, Respondent-Appellant.

No. 7025.

Supreme Court of New Mexico.

Jan. 11, 1963.

Rehearing Denied March 12, 1963.

A. M. Frazier, Albuquerque, for appellant.

Paul "Pablo" Marshall, Socorro, for appellee.

MOISE, Justice.

This is an appeal by the Employment Security Commission of New Mexico, hereinafter referred to as the Commission, from a judgment reversing its decision denying certain unemployment benefits to Helen M. Parsons, hereinafter referred to as Petitioner.

The facts are fairly simple and are not in dispute. Petitioner is a married woman who has worked as a grocery clerk, her last employment having been in a store in Grants, New Mexico. Upon her husband's being laid off from his work, petitioner quit her job on November 15, 1958, and accompanied her husband to Apache Creek, New Mexico, where they owned some property. Apache Creek is a very small rural community with one grocery store that hires one full-time clerk. Some twelve miles distant is the small rural community of Reserve which also has one grocery store which employs one full-time clerk and two high school students. Petitioner could do office work but has not applied for any. She is not interested in work as a waitress, nor is she willing to leave Apache Creek or Reserve to find work. Petitioner has applied regularly for work at the two grocery stores and although they indicate a willingness to employ her if they have an opening, neither of them have offered her a position. Her old job in Grants remained available at all times.

Petitioner was not disqualified by the Commission from drawing benefits by virtue of the voluntary leaving of her job to accompany her husband to his new domicile and was paid benefits for eighteen weeks whereupon her employee benefits were exhausted for that year.

On November 25, 1959, petitioner initiated a second series of claims, all of which were denied by the Commission on the ground that she had removed from the labor market and was not available for work and was not actively seeking work as required for eligibility for benefits by § 59–9–4(c), N.M.S.A. 1953.

Although the Commission complains that the trial court did not accord to the Commission's findings the weight to which they are entitled under the law, and made findings of its own, we do not feel that the situation here present requires that we consider this point. The trial court did not file any decision as required by our rules (§ 21–1–1(81) (c), N.M.S.A.1953) and decisions, M. R. Prestridge Lumber Co. v. Employment Security Commission, 50 N.M. 309, 176 P.2d 190. On the other hand, it incorporated in its judgment statements that it had jurisdiction; that petitioner had quit her last job in Grants on November 15, 1958, to accompany her husband to Apache Creek; that she had properly filed her claims for benefits; and that she had made efforts to obtain suitable employment in the Apache Creek-Reserve area. This is followed by a conclusion that

petitioner had not removed herself from the labor market, and a judgment granting her the benefits denied by the Commission.

As we view the case, the court, while accepting the undisputed facts, determined as a matter of law that petitioner had not removed herself from the labor market, was available for work, and actively seeking work so as to make her eligible for the statutory benefits.

Section 59–9–4, N.M.S.A.1953, so far as material, reads:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the commission finds that * * *.

"(c) He is able to work and is available for work, and is actively seeking work."

Whereas the Commission, in its brief, alludes to the fact that petitioner was unemployed because of her own voluntary act of quitting her job to accompany her husband away from Grants where work remained available to her, and that she remained unemployed because of her own choice not to return to Grants, we do not consider that we are called upon to decide if she was at fault in so doing. The Commission did not so rule when it recognized petitioner's claims during eighteen weeks of the year immediately following her first becoming unemployed. Neither did the Commission deny the benefits here sought for any such reason.

The question which is decisive of this appeal, and which we are called upon to decide, is: Was petitioner available for work and actively seeking work?

The Commission determined that petitioner was not "available for work," applying a rule adopted by it which reads as follows:

"A claimant who removes from one place to another will be held to have thereby withdrawn from the labor market if there is substantial evidence establishing that (1) little or no work opportunities exist in the new area, thereby precluding employment, (2) the claimant is unwilling or unable to secure work outside the area, (3) the evidence of these two factors is borne out by the claimant's unemployment over a substantial period."

That this rule correctly describes the requirements to establish a claimant as available for work under the decisions of certain courts cannot be doubted. See 13 A.L.R.2d 874, 883, citing cases from Georgia (Huiet v. Schwob Mfg. Co., 196 Ga. 855, 27 S.E.2d 743; Huiet v. Atlanta Gas Light Co., 70 Ga.App. 233, 28 S.E.2d 83; Huiet v. Callaway Mills, 70 Ga.App. 538, 29 S.E.2d 106), Indiana (Walton v. Wilhelm, 120 Ind.App. 218, 91 N.E.2d 373), and Missouri (Wiley v. Carroll (Mo.1947), 201 S.W.2d 320). To these may be added the state of Idaho. See Claim of Sapp, 75 Idaho 65, 266 P.2d 1027.

However, there are cases holding differently. These cases are cited in 13 A.L.R.2d 874, 880, and are from Connecticut (Reger v. Administrator, Unemployment Compensation Act, 132 Conn. 647, 46 A.2d 844), Ohio (Leonard v. Unemployment Compensation Board, 148 Ohio St. 419, 75 N.E.2d 567), and Pennsylvania (Sturdevant Unemployment Compensation Case, 158 Pa. Super. 548, 45 A.2d 898; Felegy Unemployment Compensation Case, 158 Pa.Super. 567, 45 A.2d 906). We would also class Delaware (Ashmore v. Unemployment Compensation Commission, 46 Del. 565, 86 A.2d 751) and Virginia (Dan River Mills, Inc. v. Unemployment Compensation Commission, 195 Va. 997, 81 S.E.2d 620) in this group.

■■ We have considered the two lines of cases and have concluded that the condition whereby the absence of numerous work opportunities in an area to which a claimant has moved injects a test different and more stringent than is demanded by the law, or than it is clear the legislature intended. This is particularly true in view of our announced adherence to a rule of liberal construction to accomplish the remedial and humanitarian ends intended by the legislature as stated in the policy declaration in § 59–9–2, N.M.S.A.1953. Graham v. Miera, 59 N.M. 379, 285 P.2d 483.

The note writer in 13 A.L.R.2d 874, 876, concludes that the difference between the two lines of opinion can generally be explained by the fact that one group applies a rule of strict construction, whereas the other follows a policy of liberal interpretation of the statute. As already noted, we are committed to the second group and are satisfied with the result to which this leads us under the facts here present.

The following, quoted from Reger v. Administrator, Unemployment Compensation Act, supra, is to our minds pertinent in our case:

"* * * The only question is whether or not upon the facts found the plaintiff was 'available for work' within the meaning of the act.

"An explanation and definition of the meaning of this phrase has been well set forth in these words: 'The availability requirement is said to be satisfied when an individual is willing, able, and ready to accept suitable work which he does not have good cause to refuse, that is, when he is genuinely attached to the labor market. Since, under unemployment compensation laws, it is the availability of an individual that is required to be tested, the labor market must be described in terms of the individual. A labor market for an individual exists when there is a market for the type of services which he offers in the geographical area in which he offers them. "Market" in this sense

does not mean that job vacancies must exist; the purpose of unemployment compensation is to compensate for the lack of appropriate job vacancies. It means only that the type of services which an individual is offering is generally performed in the geographical area in which he is offering them.' Freeman, 55 Yale L.J. 123, 124. 'In short, the test of a worker's availability is subjective. As long as no provision of the Act disqualifies him, he is entitled to its benefits * * * when he has exposed himself unequivocally to the labor market.' Mishaw v. Fairfield News, 12 Conn.Sup. 318, 321.

"Upon the facts found, there are two aspects of the case to be considered. The decisive question under the first is: Was there a market for the type of services the plaintiff could perform in the area where she was? The fact that there are more persons in the area qualified for a certain type of position than there are positions of this kind to be filled does not necessarily negative the existence of such a market. The question is not whether the plaintiff has a reasonable opportunity to get work of the kind she can do, but whether there is a 'labor market' for such work. The commissioner concluded that the plaintiff had removed herself from an active labor market to a locali-

ty where none existed. In view of the meaning of 'labor market' as just explained, it is apparent that there are neither subordinate facts found by the commissioner nor anything else in the record to sustain the conclusion that there was no such labor market in and around Ozark."

We would also direct attention to the comment in 17 Fordham L.R. 150, discussing the merits of the results in the two lines of cases noted above, and particularly criticizing the reasoning and result in Wiley v. Carroll, supra. See also, 4 Vanderbilt L.R. 206; 158 A.L.R. 396, 411; 165 A.L.R. 1382, 1388.

■■ A word should be added concerning the statutory provision that to be entitled to benefits a person must be "actively seeking work." This requirement is inextricably tied to the question of availability, and the two are argued together by the Commission. As pointed out by Freeman in 55 Yale L.J. 123, 129, "Besides being *able* and *willing* to work an individual, to be available for work, must be *ready* to work, for, if he is not, his unemployment is due not necessarily to a lack of suitable job opportunities, but to conditions which prevent his performing work." To our minds, the requirement of "actively seeking work" is something more than passively being willing and ready if an opportunity presents itself. Lore v. Unemployment Compensa-

tion Commission, 46 Del. 576, 86 A.2d 856. To be eligible, a claimant must have done everything reasonably to be expected under the circumstances present of one wanting work in order to find it. Jacobs v. Office of Unemployment Compensation and Placement, 27 Wash.2d 641, 179 P.2d 707. The facts concerning petitioner's efforts have been recounted. To say that the exertion expended by her in order to find work was something less than could reasonably be expected under all the circumstances is again applying a strict rule of interpretation, whereas liberality is intended. We think the trial court was correct in its conclusion that petitioner should not be adjudged ineligible for not having done more than she did, and in particular, under the circumstances, in not having extended her efforts by moving to an area with better opportunities of employment, in order to obtain work.

From the foregoing, it follows that the trial court did not err in determining that under the facts as found by the Commission, as distinguished from legal conclusions, petitioner was entitled as a matter of law to the benefits of the act, and the judgment appealed from should accordingly be affirmed.

It Is So Ordered.

CARMODY and NOBLE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.