476 P.2d 834

EMPLOYMENT SECURITY COMMISSION
of Arizona, Appellant,

v.

Charlotte Ann KOSIC, Appellee.

No. 10137–PR.

Supreme Court of Arizona,
En Banc.

Nov. 20, 1970.

Gary K. Nelson, Atty. Gen. by James A. Tucker and Walter Brown, Asst. Attys. Gen., Phoenix, for appellant.

Legal Aid Society of the Pima County Bar Association by Anthony B. Ching, Chief Trial Counsel, Tucson, and Mark B. Raven, Staff Counsel, Tucson, for appellee.

UDALL, Justice:

The Employment Security Commission, hereinafter referred to as the Commission, seeks review of the judgment of the Superior Court, Pima County, which awarded appellee, Charlotte Ann Kosic, unemployment benefits. The Court of Appeals affirmed the Superior Court, 12 Ariz. 455, 471 P.2d 757 (1970).

This court granted the Commission's petition for review. We hold that the claimant, Mrs. Kosic, is not entitled to the benefits awarded by the Superior Court. The opinion of the Court of Appeals, 12 Ariz.App. 455, 471 P.2d 757 (1970), is vacated.

The basic facts can be simply summarized. The claimant was employed for approximately six months, until June of 1967, as a part time salesclerk in a Tucson department store. In August of 1967 she, her husband and their three children moved from Tucson to Sells, Arizona. Sells is a small settlement, located 61 miles from Tucson on the Papago Indian Reservation. The claimant's husband is employed as a

schoolteacher on the reservation. The family's move to Sells was necessitated by a federal government requirement that he live on the reservation.

The claimant sought work in Sells as a retail sales clerk. There were, however, in the area of Sells, no retail stores such as existed in Tucson. There were only two Indian "trading posts" employing a total of approximately twenty persons. With the exception of the family of the owners, only Indians were employed in the trading posts. Claimant was unable to obtain work there and sought unemployment compensation.

The Employment Security Commission and the Appeal Tribunal both ruled that the claimant was not entitled to benefits because she was not "available for work" within the meaning of A.R.S. § 23–771. That section provides in part as follows:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the commission finds that

\*       \*       \*       \*       \*       \*

3. He is able to work, and is available for work."

A leading authority in this area has commented that in order to be considered available for work, an individual must be "genuinely attached to a labor market" and the services which he or she offers must be generally performed in the geographical area in which he or she offers the services. Freeman, Able to Work and Available for Work, 55 Yale Law Journal, 123, 124 (1945). Our own court has commented as follows with respect to the requirement in Cramer v. Employment Security Commission of Arizona, 90 Ariz. 350, 353, 367 P.2d 956, 958 (1962):

"Availability is an eligibility requirement found in the unemployment compensation law of every state. Although it has never been and probably cannot

be precisely defined, Mohler v. Department of Labor, 409 Ill. 79, 83, 97 N.E.2d 762, 764, 24 A.L.R.2d 1393 (1951), it 'is said to be satisfied when an individual is willing, able, and ready to accept suitable work which he does not have good cause to refuse, that is, when he is genuinely attached to the labor market.' Freeman, Able to Work and Available for Work, 55 Yale L.J. 123, 124 (1945); Beaman v. Safeway Stores, 78 Ariz. 195, 200, 277 P.2d 1010, 1013 (1954). There being no hard and fast rule as to when a claimant is actually 'available for work', such must be determined from and in light of the circumstances of each case. Hunter v. Miller, 148 Neb. 402, 405, 27 N.W.2d 638, 640 (1947)."

Another leading authority has concluded that "there is virtual unanimity that the worker is unavailable who leaves a locality of industrial activity and moves to an area where little or no opportunity exists for work within his qualifications." Altman, Availability For Work (1950), pp. 206–7. See also Claim of Sapp, 75 Idaho 65, 266 P.2d 1027 (1954) wherein the court held that claimant who, while unemployed, moved to a much smaller city, where few job opportunities existed and employment prospects were extremely limited, was not "available for work" and therefore not entitled to unemployment benefits.

Bearing these general considerations in mind we must examine the facts in the instant case. Here the claimant moved from an area of great commercial activity to a remote settlement where only a few persons performed the services she offered. In addition, and perhaps more importantly, claimant moved to an Indian reservation, where, because of peculiar legal, social and economic considerations, opportunities for claimant were extremely limited.

As the record here reflects, businesses on or near Indian reservations give preferential hiring treatment to Indians.[1] Under

---

1. 42 U.S.C. § 2000e–2(i) exempts businesses extending preferential treatment to

Indians on or near a reservation from the provisions of the Federal "Equal Em-

the unusual situation presented here, there was little or no market for claimant's services.

 Our decision should not in any sense be interpreted as suggesting that vacancies must exist before a claimant is eligible for compensation. We recognize that the purpose of unemployment compensation is to compensate for lack of job vacancies where the claimant is otherwise available for employment. See Cramer v. Employment Security Commission, supra. However our review of the authorities shows that in order for claimant to be "available for work", the claimant must be genuinely attached to a labor market. In the unusual circumstances of the case at bar, the claimant moved to an Indian reservation and was unable to find employment in the limited number of existing commercial positions because of preferential treatment given Indians. We conclude that she was not genuinely attached to the labor market of that reservation and hence was not available for work.

Claimant points to Parsons v. Employment Security Commission, 71 N.M. 405, 379 P.2d 57 (1963), and urges that it is contrary to the decision we reach today. In Parsons v. Employment Security Commission, supra, the New Mexico Court held that a claimant who sought work as a grocery store clerk in a small settlement with only one such clerk was nevertheless entitled to unemployment compensation. The Parsons decision has been criticized by at least one authority. Comment, 112 Penn.Law Review 296 (1963). It is not necessary to discuss its merits in detail here since, unlike the case at bar, it did not involve the special consideration presented by a claimant seeking work on an Indian reservation.

The judgment of the Superior Court is reversed and the opinion of the Court

of Appeals, 12 Ariz.App. 455, 471 P.2d 757 (1970), is vacated

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and HAYS and McFARLAND, JJ., concur.

ployment Opportunities" Act, 42 U.S.C. § 2000e et seq. A.R.S. § 41–1464 contains a similar exemption from the Ari-

zona employment discrimination laws, A.R.S. § 41–1461 et seq.