STATE of Alaska, Appellant,

v.

Carl ALMEN, Appellee.

No. 1301.

Supreme Court of Alaska.

Feb. 11, 1971.

G. Kent Edwards, Atty. Gen., Juneau, B. Richard Edwards, Asst. Atty. Gen., Anchorage, for appellant.

Dickerson Regan, Alaska Legal Services, Juneau, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

## OPINION

ERWIN, Justice.

The claim of Carl Almen, a disabled, unemployed carpenter, for additional unemployment benefits under AS 23.20.352[1] was denied by the Acting Commissioner of Labor. The Superior Court, First Judicial District, reversed the Commissioner and directed that benefits be awarded. From that decision the State appeals.

The pertinent facts were presented to the Superior Court by stipulation, and are not in dispute here. During the week ending June 24, 1967, appellee was unemployed but not disabled. He claimed, and was paid, benefits for that week. On June 28, while still unemployed, he suffered a heart attack, as a result of which he has been unable to work since that date. Because his illness occurred during an uninterrupted period of unemployment following a week for which he had filed a compensable claim, Almen continued to be eligible for benefits in spite of his disability. AS 23.20.380.[2] He remained un-

1. AS 23.20.352(a) states:
   The legislature, in keeping with the purpose and policy of the Alaska Employment Security Act, notwithstanding the provisions of §§ 350(c) and 520(4) of this chapter, declares that additional benefits shall be paid to individuals in Alaska under conditions set out in this section.

2. AS 23.20.380 provides in relevant part:
   An insured worker is disqualified for waiting-week credit or benefits for a week of his unemployment if with respect to the week the department finds that

   (1) he was not able to work or was not available for suitable work for the week; an insured worker may not be considered ineligible for receipt of unemployment benefits for a week because of failure to comply with the provisions of this subsection if

   (A) he is unable to work because of an illness or disability; or

employed, received no offers of work, and continued to draw benefits until August 14, 1967, on which date he exhausted the amount of benefits available to him under AS 23.20.350.[3]

On October 8, 1967, AS 23.20.352 became effective, providing additional benefits to those who had exhausted their entitlement under former law. Appellee filed his application under the new statute for additional benefits beginning October 29, 1967. It is this application, denied by the Acting Commissioner on January 18, 1968, which is the subject of the case at bar.

AS 23.20.352(c) provides:

Except where inconsistent with the provisions of this section, the terms and conditions of this chapter shall apply to claims filed under this section for additional benefits and to the payment of additional benefits.

The position taken by the State of Alaska is somewhat complicated by the required reference to several portions of the original and extended benefits statutes.[4] The state's argument is that because there was a gap in time between the exhaustion of original coverage and the effective date of the extended coverage statute, Almen cannot qualify for extended coverage.[5]

However, because of the obvious intention expressed by the legislature in AS 23.-20.005(b),[6] incorporated into the extended coverage statute, AS 23.20.352, the latter should be liberally construed to promote the purposes of the act. We hold that the fact that there was a break between the expiration of Almen's initial benefits entitlement and the time for which extended benefits are claimed is not significant. The extended coverage entitlement should be continued until such time as the entitlement would have been discontinued because

---

* * * * *
(C) the condition described in (A) * * * of this subsection occurs during an uninterrupted period of unemployment following a week for which he has filed a compensable claim and no work has been offered him for a part of that week which would have been suitable before the beginning of the * * * illness, or disability;
* * * * *

3. At the relevant time AS 23.20.350(a), subsequently amended in 1969, provided:
To qualify for benefits an individual shall have earned wages in his base period totaling not less than one and one-fourth times the aggregate amount of wages earned by him in that calendar quarter of his base period in which he earned the highest amount of wages, and all his wages for the base period must equal not less than the minimum amount required for benefits under (b) of this section.

4. AS 23.20.375; AS 23.20.380(1) (C); AS 23.20.352(a), (b), (c).

5. The state interprets AS 23.20.352 to exclude Almen since his illness or disability did not occur during an uninterrupted period of unemployment following the week for which he filed a compensable "additional benefits claim" but rather

occurred during the original benefit period.

6. AS 23.20.005(b) states:
The legislature declares its intention to provide for carrying out the purposes of this chapter in cooperation with the appropriate agencies of other states and the federal government, as part of a nationwide employment security program, and particularly to provide for meeting the requirements of Title III of the Federal Social Security Act, the requirements of §§ 3303 and 3304 of the Federal Unemployment Tax Act (Chapter 23, subtitle C, of Internal Revenue Code), and the Act of Congress approved June 6, 1933, entitled "An Act to provide for the establishment of a national employment system and for cooperation with the states in the promotion of such system, and for other purposes" (cited in this chapter as the Wagner-Peyser Act), and Title IV of the Act of Congress approved June 22, 1944, each as amended, in order to obtain for this state and its citizens the grants and privileges available under the federal Act. Doubt as to the proper construction of a provision of this chapter shall be resolved in favor of conformity with the requirements of the federal Act.

of the availability of work or until the benefits expired.[7]

Since the stipulated facts of this case demonstrate that no work was available, then appellee, Almen, was in fact entitled to benefits as set forth in the extended coverage statute.

The decision of the Superior Court is hereby affirmed.

---

7. We decline to adopt a statutory interpretation urged by the State which would engraft new requirements on entitlement for extended benefits which were not required for original benefits in the absence of clear legislative intent in view of the announced purposes of these statutes. *See* Anderson v. Indus. Comm'n, 447 P.2d 221, 223 (Colo.1968) ; Pickman v. Weltmer, 191 Kan. 543, 382 P.2d 298, 304 (1963) ; Parsons v. Employment Security Comm'n, 71 N.M. 405, 379 P.2d 57, 60 (1963) ; Johnson v. Bd. of Review of Indus. Comm'n, 7 Utah 2d 113, 320 P.2d 315, 318 (1958). We also note the liberal extension policy announced in federal extended unemployed benefits which must be administered by the Alaska Employment Security Division. "Federal-State Extended Unemployment Compensation Act of 1970," Pub.L. No. 91–373, 84 Stat. 695 (1970).