581 P.2d 711

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, John L. Huerta, Director and Peter R. Palomarez, Claimant, Appellants,**

v.

**MAGMA COPPER COMPANY, Appellee.**

**No. 1 CA–CIV 3654.**

Court of Appeals of Arizona, Division 1, Department A.

May 30, 1978.

Rehearing Denied June 21, 1978.

Review Denied July 18, 1978.

Bruce E. Babbitt, Former Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for appellants.

Twitty, Sievwright & Mills by Kenneth D. Nyman, Phoenix, for appellee.

OPINION

FROEB, Chief Judge.

Appellant Peter R. Palomarez was employed by appellee Magma Copper Company until he was laid off work on February 17, 1975. On August 11, 1975, Magma sent an offer of reemployment, referred to as a notice of recall, by certified mail to Palomarez's last known address but it was returned by the Post Office Department unclaimed. In the meantime, Palomarez had moved to a new address without notifying Magma of the change. He never received the notice. Thereafter, Palomarez sought unemployment benefits and appellant Arizona Department of Economic Security found him qualified. An appeal to the superior court reversed this. Appellants now seek reversal of the superior court determination.

A.R.S. § 23–776(A) provides in part:

An individual shall be disqualified for benefits if the department finds he has failed without good cause . . . to accept suitable work when offered him . . . . .

Appellants argue that since the offer of reemployment was never *received* by Palomarez, it does not qualify as an offer and, therefore, there has been no refusal to accept employment.

Appellee argues that it was through Palomarez's own fault in not keeping Magma advised of his current address as required by the collective bargaining agreement that he failed to receive the offer of reemployment. As a consequence, appellee argues, Palomarez failed to accept a job and is disqualified from unemployment compensation.

Appellee is correct. We accept the reasoning in *ACF Industries Inc. v. Industrial Commission*, 320 S.W.2d 484, 492 (Mo.1959):

Respondents . . . contend that the provisions of . . . the [Missouri] Act rendered claimant ineligible for benefits only if he has failed without good cause to accept suitable work when *offered* and such offer actually *had been communicated* to him. Ordinarily, of course, an offer cannot be accepted until it has been communicated to the offeree. 17 C.J.S. Contracts § 38, p. 371. However, we think that rule has no application in the instant case. In order to secure to claimant the right of recall to work following layoff (which he did not have in the absence of contract), his bargaining agent, the union, procured for him such right by inclusion of the seniority provisions set forth in Article IX of the contract. In return for that concession, appellant was granted the privilege of terminating those rights if claimant failed to report for work within five days after notice of recall was mailed to him at his last known address. The reason for and propriety of such provisions are obvious. Without them, any laid-off employee would be enabled by his own neglect or volitional refusal to receive his mail to retain the benefits of seniority granted him under the contract and at the same time deprive his employer of the right to employ another servant to render the services for which the laid-off employee was needed. Moreover, to construe the provisions of . . . the [Missouri] Act to require actual communication of a recall to work as provided in the contract would enable the laid-off employee to receive unemployment reserves compulsorily set aside for the benefit of persons unemployed through his own volitional fault, contrary to the declared public policy of the state as expressed in § 288.020.

Support for this is found in the declaration of policy of the Employment Security Act at A.R.S. § 23–601:

. . . . .

The legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this state require the enactment of this measure, under the police powers of this state, for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.

Arizona cases have held claimants ineligible for or disqualified from unemployment benefits when their unemployment is their own fault. *See, e. g., Employment Security Commission v. Kosic*, 106 Ariz. 379, 476 P.2d 834 (1970); *Cramer v. Employment Security Commission*, 90 Ariz. 350, 367 P.2d 956 (1962); *Beaman v. Safeway Stores*, 78 Ariz. 195, 277 P.2d 1010 (1954).

For the reasons stated, the judgment of the trial court is affirmed.

HAIRE, P. J., and NELSON, J., concurring.