Lola A. LIND, Appellant,

v.

EMPLOYMENT SECURITY DIVISION, DEPARTMENT OF LABOR, State of Alaska, Appellee.

No. 3934.

Supreme Court of Alaska.

March 14, 1980.

As Modified on Denial of Rehearing June 10, 1980.

Frederick Torrisi, Alaska Legal Services Corp., Dillingham, for appellant.

David T. LeBond, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

MATTHEWS, Justice.

Appellant Lola Lind obtained superior court review of a decision of the Commissioner of Labor which denied unemployment benefits to her based on her lack of "availability for suitable work." The superior court affirmed the administrative denial and this appeal followed.

Lola Lind worked as a school teacher in Port Heiden, Alaska, during the 1971–1972 school year, and in Chignik Lake in 1972–1973. Both communities are small villages on the Alaska Peninsula. In 1973, Lind moved to Anchorage and obtained employment with the National Bank of Alaska. After one and one-half years, she left the bank to work for Carr's Quality Centers as a bookkeeper. She left Carr's on April 14, 1976, to move back to Chignik Lake with her husband who had been laid off his job on the Alaska pipeline and who owned a home in Chignik Lake.

Shortly before she terminated her employment with Carr's, Lind filed an application for unemployment compensation with the Employment Security Division, of the Department of Labor. Lind received a notice on May 7, 1976 from the Department that there was a question regarding her eligibility for benefits because she had quit her last job. Additional information was requested, and was promptly supplied. On May 26, 1976, a "Notice of Determination" was sent to Lind stating that she was to be allowed unemployment insurance benefits beginning May 9, 1976 (if otherwise eligible) and that the disqualifying provisions of AS 23.20.380(2)[1] did not apply because "[y]ou left your job . . . to join your husband at Chignik Lake. This is considered good cause for leaving a job and benefits are allowed as shown above."

Another notice was then mailed to Lind, which informed her that there was a question regarding her eligibility for benefits because she had "moved to an area where little work exists for you." An enclosed questionnaire was completed by Lind and returned on June 1, 1976. Finally, on June 17, 1976, a second "Notice of Determination" was sent which stated that she had removed herself from the labor market and, in consequence was no longer fully available for work.[2] Benefits were denied beginning May 14, 1976. Lind appealed from this unfavorable determination by letter.

After further intermediate administrative procedures were completed, the Commissioner of Labor adopted the findings of fact that a referee had entered[3] and sus-

---

1. AS 23.20.380 provides, in part:

   *Disqualification for benefits.* An insured worker is disqualified for waiting-week credit or benefits for a week of his unemployment if with respect to the week the department finds that .

   (1) he was not able to work or was not available for suitable work for the week; . .

   (2) he left suitable work voluntarily without good cause; in this case he is disqualified for the week in which he left work and the five weeks of continuous unemployment immediately following that week; the period of disqualification is not terminated by performance of short time casual or temporary work within the period.

2. The "Notice of Determination" further explained:

   Available evidence indicates that you left an area with substantial possibilities for work (Anchorage) to move with your husband to Chignik Lake. You show no possibility of finding work at Chignik Lake except

occasional substitute teaching during the school year.

3. In the Findings of Fact, the referee stated:

   I find that Mrs. Lind is experienced as a teacher, in the field of accounting and also as a bank teller. Her work history indicates that she has worked in the Anchorage area from August 1973 until April of 1976. At that time, Mrs. Lind moved with her husband to the community of Chignik Lake, which has a population of approximately 100 people. Though she is an experienced teacher, Mrs. Lind has testified that she cannot gain employment as a teacher in the Chignik Lakes area because the teachers there are hired as a married couple and her husband is not a teacher. She does expect to gain some employment as a substitute teacher, however this would only involve possibly 16 hours per month. Mrs. Lind I find, has for all practical purposes, no other prospect of gaining any employment in the Chignik Lake area, and she is not willing to leave that area as her husband is now employed there as a commercial fisherman.

tained the denial of benefits to Lind. Based on a review of the matter on the administrative record, the superior court judge affirmed the decision of the Commissioner denying unemployment benefits to Lind.

█ Eligibility for unemployment benefits is conditioned upon the applicant being genuinely attached to the labor force. *Arndt v. State, Department of Labor*, Alaska, 583 P.2d 799, 801; L. Freeman, *Able to Work and Available for Work*, 55 Yale L.J. 123, 124 (1945). In order to be genuinely attached to the labor force one must be, among other things, available for suitable work, a standard which is met when the individual is willing to work and is available to a substantial field of employment. *Arndt*, 583 P.2d at 802. In this case Lind is willing to accept all suitable employment; the question is whether there exists for her in the area of Chignik Lake a substantial field of employment.

█ The Commissioner found that there was no substantial field of employment for Mrs. Lind in the local labor market of Chignik Lake. His decision is supported by substantial evidence and is, therefore, affirmed.[4]

One important factor in the Commissioner's decision is the fact that Lind moved from an area in which her services were in demand to a place "where work is nearly non-existent in her profession." The fact of such a move is relevant, in our opinion, to a determination of whether an applicant is genuinely attached to the labor market. Several decisions of other courts so indicate. *Employment Security Commission v. Kosic*, 106 Ariz. 379, 476 P.2d 834, 835 (Ariz.1970) ("there is virtual unanimity that the worker is unavailable who leaves a locality of industrial activity and moves to an area where little or no opportunity exists for work within his qualifications," *quoting* Altmas, *Availability for Work* (1950), at 206–07); *Wadlington v. Mindes*, 45 Ill.2d 447, 259 N.E.2d 257, 264 (1970); *Vasquez v. Board of Review*, 127 N.J.Super. 431, 317 A.2d 744, 746 (1974); *Leach v. Board of Review*, 115 Ohio App. 235, 178 N.E.2d 94, 95 (1961); *Claim of Sapp*, 75 Idaho 65, 266 P.2d 1027, 1030 (1954).

Lind also contends that the final determination which denied her benefits was an improper reversal of the initial determination which had granted them. Also Lind argues that she was denied a fair opportunity to be heard because the hearing was held in Anchorage and not in Chignik Lake as she had requested. We have reviewed these points and find no error.[5]

AFFIRMED.

RABINOWITZ, Chief Justice, dissenting.

The determinative issue raised in this appeal is whether, after moving from the largest city in the State of Alaska to a village with an approximate population of 100 persons, Lind remains available for suitable work within the meaning of the controlling statute. Alaska has a comprehensive program which promotes employment security through the maintenance of a public employment office and the payment of compensation to unemployed individuals. AS 23.20.005–535. Eligibility for unemployment benefits is conditioned upon an individual being genuinely attached to the labor force. An individual can satisfy this condition by remaining "available for suitable work."[1]

4. The record shows that there are five suitable positions at most in Chignik Lake.

5. The issue as to the place of hearing was waived by Lind, whose attorney wrote in a letter of November 18, 1976, to the Commissioner of Labor:

The remaining issue, that of place of hearing, indeed is confronting us once again. However, after I have reviewed the issues presented, as I have set them out, it appears that no hearing is necessary.

1. AS 23.20.385 defines suitable work as follows:

*Suitable work.* (a) No work may be considered suitable and benefits shall not be denied under a provision of this chapter to an otherwise eligible individual for refusing to accept new work under any of the following conditions:

(1) if the position offered is vacant due directly to a strike, lockout, or other labor dispute;

(2) if the wages, hours, and other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality;

In *Arndt v. State, Department of Labor,* 583 P.2d 799, 802 (Alaska 1978), this court adopted a two-pronged test for determining whether a claimant is "available for work" within the meaning of the statute.

The test requires "(1) that an individual claimant be willing to accept suitable work which he has no good cause for refusing and (2) that the claimant thereby make himself available to a substantial field of employment." [2]

The first prong of the *Arndt* test is satisfied since it is apparent that Lind is willing to accept all suitable work; her only limitation is that the employment must be located in the Chignik Lake area.[3] The remaining determinative question is whether, by limiting herself to suitable work in Chignik Lake, Lind remains available to a substantial field of employment.[4]

Since this inquiry requires information concerning job market conditions which are within the specialized knowledge and particular field of expertise of the Department of Labor, I would employ the "reasonable basis" standard of review in determining the correctness of the Department of Labor's ruling as to whether or not a person is available to a "substantial field of employment." [5]

In *Arndt,* the case was remanded to the Department of Labor because the record as a whole did not contain substantial evidence regarding the job market in Kodiak to convince this court that the Department's decision rested on a "reasonable basis." [6] Further, *Arndt* placed the burden on the Department of Labor to prove that a claimant's availability does not extend to a sufficiently substantial field of employment once the claimant has shown that she is available for suitable work which she has no good cause for refusing.[7] In determining

(3) if, as a condition of being employed, the individual would be required to join a company union or to resign from or refrain from joining a bona fide labor organization.

(b) In determining whether work is suitable for a claimant and in determining the existence of good cause for leaving or refusing work, the department shall, in addition to determining the existence of any of the conditions specified in (a) of this section, consider the degree of risk to the claimant's health, safety, and morals, his physical fitness for the work, his prior training and experience, his prior earnings, the length of his unemployment, his prospects for obtaining work at his highest skill, the distance of the available work from his residence, his prospects for obtaining local work, and other factors which influence a reasonably prudent person in the claimant's circumstances.

(c) This section shall be given the same meaning as the Secretary of Labor gives to § 3304(a)(5) of the Internal Revenue Code of 1954.

*See Arndt v. State, Dep't of Labor,* 583 P.2d 799 (Alaska 1978); *State, Dep't of Labor v. Boucher,* 581 P.2d 660 (Alaska 1978).

2. *Arndt v. State, Dep't of Labor,* 583 P.2d 799, 802 (Alaska 1978), *quoting Sanchez v. Unemployment Ins. Appeals Bd.,* 20 Cal.3d 55, 141 Cal.Rptr. 146, 569 P.2d 740, 748 (1977) (footnote omitted).

3. Alaska's Employment Security Act does not contemplate that Lola Lind be willing to leave her permanent home with her husband in Chignik Lake and travel to another part of the state to accept employment in order to become eligi-

ble for unemployment compensation. AS 23.-20.385(a)(3), (b) specifically allows for consideration of the distance of available work from one's residence in determining whether the work is suitable and whether the claimant has good cause for refusing the employment opportunity. AS 23.20.385 is set out in full in note 1 *supra.*

4. As stated in *Arndt v. State, Dep't of Labor,* 583 P.2d 799, 802 (Alaska 1978): "Because availability also entails accessibility to work for which there is some demand, further inquiry is necessary to insure that the claimant remains available for work for which there is a substantial field of potential employers." *See also Glick v. Unemployment Ins. Appeals Bd.,* 23 Cal.3d 493, 153 Cal.Rptr. 1, 591 P.2d 24, 28 (1979).

5. *Arndt v. State, Dep't of Labor,* 583 P.2d 799, 803 n. 8 (Alaska 1978).

6. *Id.* at 803.

7. In connection with this point we explained:

The second part of the test requires information about job market conditions which would be within the specialized knowledge and particular expertise of the Labor Department. Since the Department's expertise is involved in deciding whether a person is still available to a "substantial field of employment," we use the "reasonable basis" standard of review. However, in the instant case we find that the record as a whole does not contain substantial evidence about the job market in Kodiak to convince us that the Department's conclusion rests on a "reasona-

the extent of a claimant's employment market, *Arndt* enjoins the Department to consider all employment possibilities for which the claimant is "capable and available."[8]

In my view, the instant case presents a situation similar to that which this court was faced with in the *Arndt* case. Lind moved to Chignik Lake because of her domestic situation. By doing so, she limited her possibilities for employment. Nevertheless, under *Arndt*, the Department of Labor had the burden of proving that Lind's availability for work does not extend to a substantial field of employment.

The evidence in the record regarding the field of employment for which Lind was available in the Chignik Lake area is limited to a listing by Lind of possible employers, or fields of employment, in her answers to interrogatories. These include teacher and other positions in the local school district, the cannery, a general store, the state's bilingual education program, and a possibility of going fishing in August with her husband.[9] All of the first four possibilities were filled at the time Lind answered the relevant interrogatories.

Based on this evidence, the Department of Labor arrived at the following findings of fact:

I find that Mrs. Lind is experienced as a teacher, in the field of accounting and also as a bank teller. Her work history indicates that she has worked in the Anchorage area from August 1973 until April of 1976. At that time, Mrs. Lind moved with her husband to the community of Chignik Lake, which has a population of approximately 100 people. Though she is an experienced teacher,

Mrs. Lind has testified that she cannot gain employment as a teacher in the Chignik Lakes area because the teachers there are hired as a married couple and her husband is not a teacher. She does expect to gain some employment as a substitute teacher, however this would only involve possibly 16 hours per month. Mrs. Lind I find, has for all practical purposes, no other prospect of gaining any employment in the Chignik Lake area, and she is not willing to leave that area as her husband is now employed there as a commercial fisherman.

The Department therefore concluded that:

In the instant matter I hold that Mrs. Lind is not available for work. Her choice of residence has removed her from the Anchorage labor market where she has worked in recent years to a place where work is nearly non-existent in her profession.

In my view, the Department of Labor has failed to meet its burden of showing that its findings are supported by substantial evidence in light of the record as a whole. Lind's answers to the interrogatories state that jobs existed at Chignik Lake, that she had previously worked there, and that she would not refuse any job offered there. No contrary evidence appears in the record. In reaching its decision, the Department of Labor appears to have relied solely on the referee's determination that, as compared to the employment situation in Anchorage, the labor market in Chignik Lake is "nearly non-existent in [Lind's] profession." I reject this rationale on two separate grounds. First, the labor market in Anchorage and

---

ble basis." Therefore, we cannot agree that Arndt's self imposed limitation made her unavailable to such a substantial degree that she cannot be considered fully available for suitable work. The Department of Labor has particular knowledge and expertise with regard to local economic conditions and employment markets. Accordingly, where a claimant has shown she is available for suitable work which she has no good cause for refusing, the Department shall have the burden of proving, if it so believes, that this availability does not extend to a sufficiently

"substantial field of employment." [footnotes omitted]
*Id.*

**8.** *Id.* at 803 n. 10.

**9.** The record further shows that Lind was willing to go to work as soon as any jobs became available. Additionally, the record discloses that Lind was expecting to work approximately two days per month substitute teaching at Chignik Lake. As indicated earlier in this dissent, it was also shown that she had taught at Chignik Lake and at Port Heiden in prior years.

Lind's availability for work there are irrelevant to her present claim for unemployment compensation.

There is no requirement that a claimant must be available for work in the locality in which [she] last worked or resided. The fact that a claimant has moved from one place to another does not form a basis for holding [her] unavailable for work even if it appears that [her] chances for employment would have been better if [she] had remained in [her] former locality.[10]

If the labor market in Anchorage was the standard against which to judge the substantiality of the field of employment available to Lola Lind in Chignik Lake, an unfair penalty on eligibility for unemployment compensation thereby would be effectively imposed upon those persons moving from urban centers to the more rural areas of Alaska. I think that a claimant's genuine attachment to the labor market must be tested by the local and area economic conditions. As one commentator has concluded:

A labor market for an individual exists when there is a market for the type of services which he offers in the geographical area in which he offers them. "Market" in this sense does not mean that job vacancies must exist; the purpose of unemployment compensation is to compensate for the lack of appropriate job vacancies. It means only that the type of services which an individual is offering is generally performed in the geographical area in which he is offering them.[11]

The Department of Labor made no showing that, within the pertinent labor market, Lind was not available to a sufficient number of employment opportunities to meet the availability requirement.[12]

Second, the Department's conclusions improperly limited evaluation of Lind's field of employment to teaching, accounting and bank teller work. However, Lind indicated in her answers to interrogatories that she was available to all of the job openings for which she was qualified in the Chignik Lake area. While it is accepted that a claimant may limit her availability to jobs similar to the trades previously engaged in,[13] nothing prevents a claimant from expanding the field of employment she is available to by seeking other types of work. "The purpose of the availability requirement is to insure a willingness to accept suitable work, not to tie a claimant to a previous occupation."[14]

Without relying on assumptions concerning availability based on Lind's removal from the Anchorage labor market and her prior occupations, no subordinate facts in the record support the Commissioner of Labor's conclusion that Lola Lind had re-

10. *Employment Sec. Comm'n v. Kosic*, 12 Ariz. App. 455, 471 P.2d 757, 760 (1970) (citation omitted), *vacated*, 106 Ariz. 379, 476 P.2d 834 (1970). *See generally* Annot., 13 A.L.R.2d 874, 880–83 (1950).

11. Freeman, *Able to Work and Available for Work*, 55 Yale L.J. 123, 124 (1945). *See also Employment Sec. Comm'n v. Kosic*, 12 Ariz. App. 455, 471 P.2d 757, 760–61 (1970), *vacated*, 106 Ariz. 379, 476 P.2d 834 (1970); *Parsons v. Employment Sec. Comm'n*, 71 N.M. 405, 379 P.2d 57, 60 (1963).

12. "[E]ven if an employment field is not large in absolute terms, it may nevertheless satisfy the availability requirement if it presents a substantial employment opportunity for a claimant." *Sanchez v. Unemployment Ins. Appeals Bd.*, 20 Cal.3d 55, 141 Cal.Rptr. 146, 154, 569 P.2d 740, 748 n. 11 (Cal.1977). *See also Glick v. Unemployment Ins. Appeals Bd.*, 23 Cal.3d 493, 153 Cal.Rptr. 1, 591 P.2d 24, 28 (1979).

13. AS 23.20.385(b) establishes several criteria for determining what constitutes suitable work for an eligible individual, including "the degree of risk to the claimant's health, safety, and morals, his physical fitness for the work, his prior training and experience, his prior earnings, the length of his unemployment, his prospects for obtaining work at his highest skill . . . and other factors which influence a reasonably prudent person in the claimant's circumstances."

14. *Sanchez v. Unemployment Ins. Appeals Bd.*, 20 Cal.3d 55, 141 Cal.Rptr. 146, 157, 569 P.2d 740, 751 n. 17 (Cal.1977). *See also Arndt v. State, Dep't of Labor*, 583 P.2d 799, 803 n. 10 (Alaska 1978); *Davy v. Commonwealth, Unemployment Compensation Bd.*, 392 A.2d 330, 332 (Pa.Cmwlth.1978).

**12**

moved herself from availability to a substantial field of employment. I would therefore conclude that the Labor Department's determination which was affirmed by the superior court is not supported by substantial evidence. Thus, I would reverse the superior court's decision with directions to remand the matter to the Department of Labor for an award of an appropriate amount of unemployment benefits to Lola Lind.

Rehearing denied; RABINOWITZ, C. J., dissenting.