Hillsborough, ⎰ No. 3940.
Dec. 5, 1950. ⎱

## Joseph J. Roukey

*v.*

### William H. Riley, *Commissioner of Labor.*

*John W. King* for the plaintiff.

*F. Maurice LaForce* for the defendant.

LAMPRON, J. The issue before us is whether the plaintiff can be found ineligible for unemployment compensation benefits because he is not available for work under the provisions of R. L., *c.* 218, *s.* 3, *par.* C, solely by reason of his being a member of the House of Representatives.

His legislative duties are performed in Concord, eighteen miles from Manchester, every two years, for a term extending from the first of January through the early or middle part of the ensuing summer. When in session, the members of the Legislature generally meet three days a week during which they attend not only the official sessions but also committee hearings.

From November 25, 1944, to December 2, 1948, the plaintiff worked continuously on the third shift at the worsted mill and attended the sessions of the Legislature. No one suggests that he could not thus continue if such work was available. On the other hand it is obvious that at least while the Legislature is in session he could not perform other work during the day for three days a week.

Revised Laws, chapter 218, is not designed to take care of all unemployed persons but merely of unemployed workers who meet with its requirements. One of these requirements is that a person otherwise eligible be also available for work before he can receive benefits thereunder.

The phrase "available for work" is not defined in the statute. The availability requirement is said to be satisfied when an individual is willing, able and ready to accept suitable work which he does not have good cause to refuse, that is, when he is generally attached to the labor market. In other words, the purpose of the availability requirement is to test the claimant's attachment to the labor market. It is to determine if he is unemployed because of lack of suitable job opportunities or for some other reason such as physical incapacity or unwillingness to work. *Reger* v. *Administrator*, 132 Conn. 647; *Leonard* v. *Board*, 148 Ohio St. 419; 55 Yale L. J. 123, 124.

In our opinion it is not feasible to promulgate a general rule which will determine all cases involving availability. The facts and circumstances of each case are important factors to be considered in arriving at a solution of it. *Leonard* v. *Board, supra; Department of Industrial Relations* v. *Tomlinson*, 251 Ala. 144; Altman, Availability for Work, *p.* 258.

Where, as in this case, there are time limitations on the worker's availability the question is whether such worker has so limited the field of suitable work which he will accept that he cannot be said to

be genuinely attached to a labor market. In other words is his availability so limited that in fact he is no longer available for work, or is there in the locality a market for his services during the hours that he offers them? If there is such a market he should be regarded as available for work. If there is no such market then he has so limited his availability that he is not genuinely attached to a labor market and is no longer, in fact, available for work in that locality. 55 Yale L. J. 123; Ralph Altman, Limited Availability for Shift Employment, 22 N. C. L. Rev. 189, 211.

The plaintiff worked for over four years on the third shift in the Bell Company in Manchester while he was a member of the Legislature. During that period he was attached to a labor market in spite of his legislative duties. In other words his membership in the House of Representatives did not make him unavailable for that work. There is no evidence that this same market did not exist when plaintiff filed his claim for compensation. The fact that he was then unemployed does not establish that there was no such market for it is the purpose of unemployment compensation statutes to compensate for lack of appropriate job vacancies. No reason for his ineligibility appears in the record other than his membership in the Legislature which in and of itself does not make him unavailable for work within the provisions of R. L., c. 218, s. 3, *par.* C.; *Reger* v. *Administrator*, 132 Conn. 647; *Mee's Bakery* v. *Board*, 162 Pa. Super. 183; *Leonard* v. *Board*, 148 Ohio St. 419; 8159 N. H. R., U. C. I. S., Benefit Series, Vol 6, No. 10, *p.* 35 (1943).

*Case discharged.*

KENISON, J., did not sit; the others concurred.