Hillsborough
No. 7352

HELEN M. ST. GERMAIN

v.

BENJAMIN C. ADAMS, COMMISSIONER,
NEW HAMPSHIRE DEPARTMENT OF EMPLOYMENT SECURITY
WHITE LEDGE GRILL, INC.

August 29, 1977

*John P. Shea* of Manchester and *Richard C. Moquin* (*Mr. Shea* orally), for the plaintiff.

*Edward F. Smith, Andre J. Barbeau, Michael M. Black* and *Paul V. Kenneally* (*Mr. Barbeau* orally), for the New Hampshire Department of Employment Security.

DOUGLAS, J.    In this unemployment compensation appeal, we uphold the superior court's award of benefits to the plaintiff, and its order that the defendant department pay the plaintiff's counsel fees in the amount of $250.

The plaintiff, Helen St. Germain, was employed as a waitress at the Howard Johnson Restaurant in Hooksett, New Hampshire, for over two years. She left her employment on September 25, 1974, as a result of a dispute with her employer concerning her refusal to work on Sundays. Mrs. St. Germain subsequently applied for unemployment compensation, but was denied by the department's certifying officer and appeal tribunal, on the grounds that by refusing to work on Sundays she failed to meet the requirement of RSA 282:3 C (Supp. 1975) that she be ready, willing and able to accept suitable work "during all the hours for which there is a market for the services [s]he offers," and that she left work voluntarily without good cause. The plaintiff appealed to the superior court under the provisions of RSA 282:5 G (Supp. 1975). The Court (*Perkins*, J.) found that the plaintiff was entitled to benefits, and granted her motion that the department be required to pay her reasonable counsel fees. Following hearing on defendant's

motion for reconsideration, the court affirmed its award of fees, stating that the department's conduct had been "unconscionable" and "arbitrary and capricious," and that the plaintiff should not have been put to the cost of instituting an unnecessary action.

The three witnesses at the superior court hearing were the plaintiff, her former employer Peter Pavlidis, and Charlotte Zimont, who had served as restaurant hostess at the time that the plaintiff was hired and who conducted her employment interview. Mrs. St. Germain stated that she refused to work on Sundays as a regular practice for religious reasons, and because on Sunday it was her custom to take her elderly mother to church. She testified that during her employment interview she had told Charlotte Zimont that she would only work on Sundays in emergencies, and that she was hired with the understanding that regular Sunday work would not be required of her. Mrs. Zimont confirmed this testimony, stating that she had informed Mr. Pavlidis that Mrs. St. Germain could not work on Sundays and he had authorized her hiring with this knowledge. Mrs. St. Germain further testified that she never refused to work on a Sunday when an emergency arose, as a consequence of which she worked at least one Sunday every two months. She was willing to continue on this basis. At the time she left her employment, the plaintiff was working a six-day work week of forty to forty-five hours, plus any overtime which was requested of her during those six days.

Mr. Pavlidis testified that he had not known of Mrs. St. Germain's policy not to work Sundays, and that she had not been told when hired that she would never have to so work. When plaintiff was requested, as she understood it, to start working on Sundays she refused and was discharged by Mr. Pavlidis.

■ The superior court's determination that the plaintiff did not leave work voluntarily without good cause is amply supported by the evidence. The two parties to the plaintiff's employment agreement both testified that it was a condition of her hiring that the plaintiff not be asked to work Sundays on a regular basis. Mr. Pavlidis violated this agreement by telling the plaintiff, without amplification, that she would have to "work Sundays," a demand which was quite reasonably interpreted to mean regular Sundays. Breach of the hiring contract is a cause attributable to the employer, and accordingly the superior court was correct in its determination. RSA 282:4 A(1) (Supp. 1975); *Putnam v. Dept.*

*of Employment Security,* 103 N.H. 495, 175 A.2d 519 (1961); *Nashua Corp. v. Brown,* 99 N.H. 205, 108 A.2d 52 (1954).

The court's determination that the plaintiff met the availability requirement of RSA 282:3 C (Supp. 1975) also finds support in the record. It is well established that this requirement does not demand of the plaintiff total availability for any work offered. *Goings v. Riley,* 98 N.H. 93, 95 A.2d 137 (1953). The purpose of the requirement is to test the claimant's attachment to the job market, a determination which is made by reference to the facts and reasonable circumstances of each case. In a situation where time limitations are imposed on the worker's availability, the question is whether the worker has so limited the field of suitable work which he will accept that he cannot be said to be genuinely attached to a labor market. If a market for his services exists during the hours that he offers them, he should be regarded as available for work. *Roukey v. Riley,* 96 N.H. 351, 77 A.2d 30 (1950).

In the instant case, the plaintiff was available six days of the week, including two of the three busiest days in the restaurant trade. She customarily worked forty to forty-five hours a week, and was willing to work any overtime that was requested of her, at any hours. Furthermore, she was willing to work the seventh day, Sunday, once a month. We reject the department's argument that an employee prepared to work such hours is not "available for work," or that there is no market for Mrs. St. Germain's services during the hours in which she offers them. The superior court's reversal of the appeal tribunal's denial of the plaintiff's benefits is supported by the record.

The remaining question is the propriety of the court's award of counsel fees to the defendant. In *Harkeem v. Adams,* 117 N.H. 687, 377 A.2d 617 (1977), decided this day, we held that where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct, an award of attorneys' fees to his opponent is within the court's power. In the instant case, the trial court found that the institution and handling of this action by the department of employment security was "arbitrary and capricious," that the plaintiff should not have been put to the cost and expense of instituting an action against the department to recover what she was entitled to receive in the first place without any suit, and that the treat-

ment of the plaintiff by the defendant was "unconscionable." On the record presented here, we cannot say that these findings are clearly wrong or without any support in the evidence. *Hardware Mut. Cas. Co. v. Hopkins,* 106 N.H. 412, 213 A.2d 692 (1965). Accordingly, the award of attorneys' fees was within the discretion of the court, and we find no abuse thereof.

*Exceptions overruled.*

GRIMES, J., did not sit; the others concurred.