Cheshire
No. 82-139

MARGARET C. TUCKER

v.

DEPARTMENT OF EMPLOYMENT SECURITY & a.

November 5, 1982

*R. J. Shortlidge, Jr.*, of Keene, by brief and orally, for the plaintiff.

*Gregory H. Smith*, attorney general (*Daniel J. Mullen*, attorney, on the brief and orally), for the New Hampshire Department of Employment Security.

DOUGLAS, J. The plaintiff appeals from a decision of the Superior Court (*Dunn*, J.) affirming a determination of the department of employment security (DES) denying her unemployment benefits. We reverse.

On September 10, 1980, the plaintiff, Margaret C. Tucker, was discharged from her position as administrative assistant to the publisher at Shakour Publishing Company, d/b/a/ *The Keene Shopper*. During her employment, the plaintiff had accumulated certain rights under an employee group retirement compensation plan written by the Connecticut Life Insurance Company and funded exclusively through employer contributions. Pursuant to the terms of the plan, the plaintiff was offered a lump-sum payment of $6,864.98, representing the cash surrender value of the rights that had vested at the time her employment terminated. The plaintiff was not given the option of accepting periodic payments. She refused to accept the lump-sum payment and applied for unemployment benefits.

The plaintiff received unemployment-benefit payments in the amount of ninety-nine dollars per week for six weeks, for a total of $594. Her eligibility for unemployment benefits was challenged on the ground that RSA 282-A:28 (Supp. 1981) precluded such payment. On April 3, 1981, the DES appeals tribunal ruled that the plaintiff's vested retirement benefits, when allocated over a nine-and-one-half-month period, exceeded her weekly benefit amount of ninety-nine dollars. The appeals tribunal thus determined that when the lump sum was offset against the plaintiff's weekly unemploy-

ment compensation entitlement, as required by RSA 282-A:28 (Supp. 1981), she was ineligible to receive unemployment benefits. Accordingly, the DES appeals tribunal ordered the plaintiff to return the $594 that she had already received.

After a hearing, the superior court affirmed the appeals tribunal's decision. The court rejected the plaintiff's plain-language reading of RSA 282-A:28 (Supp. 1981) that the statute did not apply to her because she was not "receiving" any of her retirement benefits, and because the lump-sum payment that she was offered did not constitute a "periodic payment," by which amount DES would be obligated to reduce her weekly unemployment entitlement.

RSA 282-A:28 (Supp. 1981) provides as follows:

> "The maximum weekly benefit amount of any individual who is receiving a government or other *pension, retirement* or *retired* pay, *annuity,* or any *similar* periodic payment based on previous work shall be reduced by an amount equal to such pension, retirement or retired pay, annuity or other payment which the commissioner finds can be reasonably said to apply to such week."

(Emphasis added.) RSA 282-A:28 (Supp. 1981) takes its language almost verbatim from 26 U.S.C. § 3304(a)(15) (Supp. IV 1980), which the United States Congress enacted to impose conditions on the States in order to qualify for certain federal tax benefits. The purpose of the federal and complementary State statutes is to prevent so-called "double dipping" by persons who are retired. While acknowledging that this is one objective of the statutes, DES asserts that "it is the receipt of, or entitlement to, retirement benefits which mandates reduction of benefits under RSA 282-A:28 (Supp. 1981), and not the fact of actual retirement."

We do not believe that the wording of the statute can be so easily divorced from its underlying purpose. Although scant, the legislative history of the federal statute, from which RSA 282-A:28 (Supp. 1981) indirectly originates, indicates that Congress was concerned about retirees "who have actually withdrawn from the labor force [and] are being paid unemployment compensation." S. REP. No. 94-1265, 94th Cong., 2d Sess. 22, *reprinted in* 1976 U.S. CODE CONG. & AD. NEWS 5997, 6016. This important public policy of preventing individuals who have actually retired from reaping the double benefit of receiving retirement payments and unemployment compensation is not furthered by forcing a discharged employee who is still an active member of the labor force and seeking employment to exhaust her retirement benefits before qualifying for unemployment compensation.

In the instant case, the superior court accepted DES' characterization of the lump-sum offer by Connecticut General as "retirement pay" within the meaning of the statute. At oral argument before this court, however, counsel for DES conceded that the department never determined that the plaintiff was in fact retired. Moreover, the record before us indicates that the plaintiff did not consider herself to be retired, because she continued to seek employment after her discharge from Shakour Publishing Company. We do not believe that applying RSA 282-A:28 (Supp. 1981) to the lump-sum payment that was offered to the plaintiff promotes the policy against "double dipping" that the statute envisions.

*Reversed.*

All concurred.