Department of Employment Security
No. 84-107

APPEAL OF RICHARD BLANCHARD
(New Hampshire Department of Employment Security)

October 30, 1985

*New Hampshire Legal Assistance*, of Claremont (*Michael A. Fuerst* on the brief), by brief for the plaintiff.

*Gregory H. Smith*, attorney general (*Daniel J. Mullen*, assistant attorney general, on the brief), by brief for the State.

## MEMORANDUM OPINION

The plaintiff appeals a decision of the appeal tribunal of the New Hampshire Department of Employment Security (DES), which denied him unemployment benefits because he was not "available for and actively seeking full-time employment without restriction." *See* RSA 282-A:31, I(c) and (d) (Supp. 1983). We reverse.

The plaintiff is a machine operator who became unemployed in New Hampshire in May, 1982, and moved to Georgia to seek a job. In March, 1983, he enrolled in a CETA training program and attended classes from 8:00 a.m. until 12:00 noon each weekday. On March 29, 1983, he filed an interstate claim for unemployment compensation and continued to submit claims through July, 1983.

In April, 1983, DES denied benefits because the plaintiff was "not available for work while attending school." The plaintiff appealed, stating that he looked for a job every week, had placed no restriction on his availability, and would quit school when he could find work.

In May, 1983, the Georgia employment security agency held a hearing on behalf of DES, a transcript of which was submitted to DES for its consideration in deciding the appeal. The plaintiff testified that while he was attending the training school, he was contacting three to seven employers each week, that he would work any shift, any days of the week, had never refused a job interview or position, and would quit school if he could find a job. The DES appeal tribunal nonetheless found in June, 1983, that "the [plaintiff] does not have a genuine attachment to the labor market in that he is not exposing himself to the market for a total of at least twenty hours per week, RSA 282-A:31, I(c) (d), " and held him ineligible for benefits.

The plaintiff then sent DES a written statement of the Georgia State agency finding that under Georgia law the plaintiff was actively seeking work by virtue of training, and asked the commissioner of DES to reopen the case. The commissioner refused, the plaintiff appealed, and in February, 1984, the appellate division sustained the decision of the appeal tribunal.

We conclude that the plaintiff's substantial rights were prejudiced by the agency's denial of benefits on arbitrary and unsupported findings that the plaintiff had not sufficiently exposed himself to employment or sought employment. *See* RSA 282-A:67, IV

(Supp. 1983); *Appeal of Diane Eno*, 126 N.H. 650, 495 A.2d 1277 (1985).

DES relied on RSA 282-A:31, I(c) and (d) (Supp. 1983), but the record does not support the denial of benefits under these provisions. The uncontroverted evidence was that the plaintiff finished school by noon, paid personal visits to a variety of three to four potential employers each week, and professed a readiness to quit school if he could find work, but was never offered a job. No evidence indicated that economic conditions in Georgia called for more or different efforts from the plaintiff, and DES could not therefore have found that a reasonably prudent unskilled laborer like the plaintiff would have done more to expose himself to employment. *See* RSA 282-A:31, I(c) (Supp. 1983); *Philbrook v. Adams*, 119 N.H. 298, 301, 401 A.2d 1070, 1072–73 (1979); *St. Germain v. Adams*, 117 N.H. 659, 662, 377 A.2d 620, 622–23 (1977).

■■ Nor was there evidence that the plaintiff was unavailable for work. *See* RSA 282-A:31, I(d) (Supp. 1983). Although he was attending vocational school part-time, availability does not require total idleness. *See Hansen v. Continental Can Co.*, 301 Minn. 185, 188, 221 N.W.2d 670, 672 (1974). DES pointed to nothing contradicting the plaintiff's testimony that he was readily available for permanent, full-time work, and therefore the only reasonable conclusion was that the plaintiff was available. *See Philbrook v. Adams*, *supra* at 301, 401 A.2d at 1072.

The denial was improper, and we remand for a calculation of benefits due.

*Decision of appeal tribunal is reversed.*

JOHNSON, J., did not sit.