Department of Employment Security
No. 84-583

APPEAL OF THERESA C. LONGHI
(New Hampshire Department of Employment Security)

January 6, 1986

*Ellen L. Gordon*, New Hampshire Legal Assistance, of Manchester, by brief and orally, for the plaintiff.

*Stephen E. Merrill*, attorney general (*Daniel J. Mullen*, assistant attorney general, on the brief and orally), for the State.

JOHNSON, J. This is an appeal from a decision of the appellate division of the department of employment security (DES) sustaining the previous decision of the appeal tribunal, which had denied the claimant benefits under the provisions of RSA chapter 282-A (Supp. 1985). We reverse.

The claimant, Theresa C. Longhi, then age 61, had been employed on a full-time basis by Winwood Sportswear, Inc., of Manchester, from January 1977 to May 22, 1984, at which time she was laid off by her employer because of a temporary lack of work. On June 6, 1984, one of the claimant's appointed days to file for unemployment benefits, she informed DES of her previous application on April 1, 1984, for social security retirement benefits when she reached age 62. She was to be eligible to receive social security benefits begin-

ning with the week ending July 1, 1984. The claimant intended to work part-time thereafter, as permitted under the applicable social security law. The application for social security benefits on April 1, 1984, was made in accordance with social security rules which request that applicants file for benefits three months prior to eligibility, presumably to encourage the orderly processing of applications and to permit applicants to receive benefits immediately upon their becoming eligible.

Based on the claimant's truthful and forthcoming statements, the DES certifying officer issued a decision on June 6, 1984, denying the claimant unemployment benefits until she was "able and available and actively seeking permanent full-time work." RSA 282-A:31, I (Supp. 1985). She appealed to an appeal tribunal, which affirmed the certifying officer's decision on July 5, 1984. The claimant then petitioned the Commissioner of the DES to reopen her case, and her request was denied. After this, she appealed to the appellate division, which sustained the decision of the appeal tribunal. In its decision, the appellate division found that "the claimant's intention to restrict her availability for work to part-time employment is supported by the record." This appeal followed.

There is no dispute that the claimant planned to retire on June 29, 1984, and that she intended to limit her earnings to $430 per month thereafter so that she would be eligible to receive her maximum benefits under social security. She agreed that she would either return to Winwood, if work were available on a part-time basis, or look for other part-time work.

We hold that the decision of the certifying officer, subsequently upheld by the appeal tribunal and appellate division, that claimant was not eligible for full benefits from May 22, 1984, to June 29, 1984, was a misinterpretation of RSA 282-A:31, I(d) (Supp. 1985). The mere fact that a claimant intends to retire at a date in the near future does not automatically render her unavailable for or unable to seek "permanent" full-time work for the period prior to her planned retirement.

The purpose of the requirement that a claimant seek "permanent full-time work" in order to be eligible for benefits is to test whether the claimant is available for work and is genuinely attached to the labor market. *St. Germain v. Adams*, 117 N.H. 659, 662, 377 A.2d 620, 623 (1977); *Harkeem v. N.H. Dept. of Empl. Sec.*, 115 N.H. 658, 661, 348 A.2d 711, 713 (1975). Obviously, a worker need not declare that she never intends to retire in order to prove availability for work and attachment to the labor market. It is also clear that the shorter the period between the claimant's lay-off and

the date of intended retirement, the less desirable the claimant will be as an employee from the standpoint of a potential employer. However, to create an irrebuttable presumption that a person nearing retirement cannot seek "permanent" work and hence is ineligible for benefits, as the record indicates occurred in this case, misinterprets the fundamental purpose of RSA chapter 282-A (Supp. 1985), which is to provide some measure of relief from involuntary unemployment. *See Harkeem, supra* at 661, 348 A.2d at 713.

We hold that the claimant is entitled to benefits despite her intention to retire shortly after having been temporarily laid off. A claimant need not be required to be seeking permanent full-time work, that will last for a period beyond that date when the claimant may properly and lawfully retire and receive social security benefits, in order to be entitled to benefits under RSA chapter 282-A (Supp. 1985). The record supports the fact that the claimant is entitled to benefits, and the contrary finding by DES must be reversed.

*Reversed.*

All concurred.