Department of Employment Security
No. 84-479

APPEAL OF JANICE M. PARMELEE
(New Hampshire Department of Employment Security)

April 9, 1986

*Sulloway Hollis & Soden,* of Concord (*James E. Owers* on the brief and orally), for the plaintiff.

*Stephen E. Merrill,* attorney general (*Daniel J. Mullen,* assistant attorney general, on the brief and orally), for the State.

PER CURIAM.    In this appeal from a decision of the appellate division of the New Hampshire Department of Employment Security (DES), we must decide whether the DES, relying upon the provisions of RSA 282-A:28 (Supp. 1985), acted lawfully when it reduced unemployment benefits to which the plaintiff was otherwise entitled because she elected to receive a lump sum cash settlement under an employer-sponsored retirement plan. For the reasons that follow, we ·hold that the DES erred in reducing the plaintiff's benefits.

Until October 1983, the plaintiff, Janice Parmelee, was employed

as an adult education specialist for Southern New Hampshire Services, Inc. (SNHS). While so employed she participated in an employer-sponsored retirement plan entitled "Your Retirement Plan, A Defined Contribution Money Purchase Pension Plan and a Tax-deferred Annuity." Under the plan, Ms. Parmelee contributed five percent of her salary, and her employer contributed twice that amount. Upon termination of employment with SNHS, an employee may elect one of several payment options, including the withdrawal of all contributions to the plan.

In October 1983, when SNHS lost its federal funding, the plaintiff's employment was terminated. Thereafter, she applied for and received unemployment benefits from the DES. In December 1983, the plaintiff elected to withdraw all the funds from her retirement account ($3,892.63) and subsequently notified DES that she had received this money. The DES, taking the position that the money was earnings, denied Ms. Parmelee unemployment benefits from December 11, 1983 to March 17, 1984.

This decision was affirmed by an appeal tribunal of the DES, and Ms. Parmelee appealed to the appellate division. The appellate division modified the decision of the appeal tribunal and ruled that the plaintiff's unemployment benefits should be reduced, but only by the amount of her *employer's* contributions to the retirement plan. The plaintiff then appealed to this court.

On appeal, the plaintiff argues that under RSA 282-A:28 (Supp. 1985) the DES cannot offset sums withdrawn from a retirement plan by a non-retired claimant against unemployment benefits to which the claimant is otherwise entitled. RSA 282-A:28 (Supp. 1985) provides in part that:

> "The maximum weekly benefit amount of any individual who is receiving a government or other pension, retirement or retired pay, annuity, or any similar periodic payment based on previous work shall be reduced by an amount equal to such pension, retirement or retired pay, annuity or other payment which the commissioner finds can be reasonably said to apply to such week if both the unemployment compensation pay and the pension, retirement or retired pay, annuity or similar periodic payment are based on the same period of employment."

The State contends that RSA 282-A:28 (Supp. 1985) requires reduction of the plaintiff's weekly unemployment compensation by the amount of retirement pay which she received. However, the legislative history of the statute does not support this contention. RSA 282-A:28 (Supp. 1985) was enacted in order to comply with 26

U.S.C.A. § 3304(a) (Supp. 1985), which imposes conditions on States seeking to qualify for certain federal tax benefits. In an effort to prevent "double dipping" by retirees, Congress required "each State to prohibit the payment of unemployment compensation to any individual who is entitled [to] any governmental or private retirement pay, retirement pension [or] retirement annuity based on previous employment." S. REP. No. 1265, 94th Cong., 2d Sess. 21–22, *reprinted in* 1976 U.S. CODE CONG. & AD. NEWS 5997, 6015–16. The legislative history of 26 U.S.C.A. § 3304(a)(15) (Supp. 1985) indicates that Congress was concerned that *"retired people* who are receiving public and private pensions . . . and who have *actually withdrawn from the labor force* are being paid unemployment compensation" in addition to their pensions. *Id.* (Emphasis added.)

The purpose underlying RSA 282-A:28 (Supp. 1985) would not be furthered by withholding unemployment benefits from an individual who has neither retired nor withdrawn from the labor force, but has elected to receive a lump sum cash settlement from a retirement plan. *See Tucker v. Dept. of Employment Security*, 122 N.H. 958, 959, 453 A.2d 1247, 1248 (1982).

The plaintiff in *Tucker* was offered a lump sum payment of funds vested under her retirement plan following the termination of her employment, but she refused to accept the payment and applied for unemployment compensation. Initially, the DES determined that the plaintiff was eligible to receive unemployment benefits. However, when the DES learned of the plaintiff's eligibility for the retirement funds, it denied her any further benefits and requested return of the $594 that she had already received. When the plaintiff appealed from the appeal tribunal's order requiring her to return the $594, we interpreted RSA 282-A:28 (Supp. 1985) and held that the DES may not offset a non-retired claimant's *right to withdraw funds* from a retirement account against the claimant's eligibility for unemployment benefits. *Id.* at 959–60, 453 A.2d 1247–48.

■ The State argues that the present case should be distinguished from *Tucker* because: (1) unlike the plaintiff in this case, the claimant in *Tucker* refused to accept the retirement funds, and (2) RSA 282-A:28 (Supp. 1985) has been amended since the *Tucker* decision. We do not agree. The language of the State and the federal statutes and their legislative histories suggest that our holding in *Tucker* should apply, regardless of whether a non-retired claimant actually accepts the retirement funds following termination or merely has the right to do so.

Further, the 1983 amendment to RSA 282-A:28 (Supp. 1985) enacted by Laws 1983, 368:1, does not require a different holding

than our holding in *Tucker*. This amendment was enacted to deal with an entirely different situation than that addressed in *Tucker*. The legislative history of the federal statute which required this amendment indicates that it was intended to aid a retiree who obtains a second job following retirement and is subsequently terminated from the second job. 126 CONG. REC. S10159–60 (daily ed. July 29, 1980) (statement of Sen. Chafee).

We are not persuaded by the State's additional argument that the lump sum payment of employer contributions from a retirement fund should be considered wages within the meaning of RSA 282-A:14, III(a) (Supp. 1985). The State argues that by withdrawing funds prior to actual retirement, the plaintiff changes the nature of the funds from retirement pay to termination benefits. The State further alleges that the contribution by the employer to the "termination benefit" is either a "separation allowance [or a] payment of accrued leave or sums of whatever type or nature . . . ," and therefore wages under RSA 282-A:14, III(a) (Supp. 1985). Because this argument is not supported by the language of the statute, we find it to be without merit. Accordingly, we conclude that the plaintiff is entitled to receive the unemployment benefits which the DES denied her.

The plaintiff claims attorney's fees under *Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617 (1977), for failure of the DES to follow unambiguous and binding precedent. As a general rule, parties must pay their own legal fees. Exceptions arise, however, "where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct." *St. Germain v. Adams*, 117 N.H. 659, 662, 377 A.2d 620, 623 (1977). In such cases "an award of attorneys' fees . . . is within the court's power." *Id.* In this case there was a genuine question of statutory construction; therefore, it cannot be said that either party acted in bad faith by requesting that this court reconcile their dispute, *cf. Funtown USA, Inc. v. Town of Conway*, 127 N.H. 312, 499 A.2d 1337 (1985). Attorney's fees are denied.

*Decision of the appeal tribunal*
*reversed.*

JOHNSON, J., did not sit.