Department of Employment Security
No. 88-012

## APPEAL OF ELLSWORTH BECKMAN, JR.
### (New Hampshire Department of Employment Security)

December 29, 1988

*New Hampshire Legal Assistance,* of Manchester *(Maria Dalterio* on the brief and orally), for the plaintiff.

*Stephen E. Merrill,* attorney general *(David S. Peck,* assistant attorney general, on the brief, and *Daniel J. Mullen,* assistant attorney general, orally), for the State.

JOHNSON, J.   This is an appeal pursuant to RSA 282-A:67, II (Supp. 1988) of an adverse decision by the appellate board of the department of employment security affirming the earlier decision of an appeal tribunal. The appeal tribunal had denied the claimant, Ellsworth Beckman, Jr., benefits under the provisions of RSA chapter 282-A, concluding that he was "not ready, willing and able to accept and perform suitable work during all of the hours and on all of the shifts that there is a market . . ." for those services, as required by RSA 282-A:31, I(c) and I(d), and that he had refused "available, suitable work without good cause" within the meaning of RSA 282-A:32, I(d). We reverse and remand.

The claimant, age 60, had been employed for approximately seven years by the Carol Cable Co., Inc., to which he commuted by bus. He was employed doing repair and salvage work. He worked the first shift and received $4.80 per hour. It is undisputed that he was laid off from his job due to no fault of his own on January 23, 1987, and began receiving unemployment compensation benefits during the week ending January 31, 1987. On April 13, 1987, the claimant was referred by the New Hampshire Department of Employment Security to the Elliot Hospital to apply for a job as a cleaner for the second shift at $5.00 per hour. That

day he went to the Elliot Hospital and filled out an application, writing the words "first shift" somewhere on that application. Although there is disputed evidence whether he wrote down first shift merely as a preference, or as a condition of employment, the appeal tribunal found that the claimant had applied "for first shift work only." Such a finding of fact will not be disturbed unless it is "clearly erroneous." RSA 282-A:67, V(d) (Supp. 1988); *Appeal of Sturm, Ruger & Co.*, 124 N.H. 506, 509, 474 A.2d 983, 984 (1984).

The appeal tribunal found that the claimant had applied for first shift work at the Elliot Hospital because he was unable to secure transportation for the second shift. The claimant lived on the west side of Manchester, while the hospital was located on the east side of the city. The claimant was unable to drive himself because of a previous cataract operation, and public buses ceased operating at 6:00 p.m. The claimant was interviewed at Elliot Hospital, but was not offered the job.

In a decision dated May 1, 1987, a certifying officer denied the claimant benefits as of April 12, 1987, finding that the claimant no longer met the availability requirement of RSA 282-A:31, I(c). The claimant appealed the decision, and was present without counsel at a hearing held by an appeal tribunal on May 19, 1987. The appeal tribunal found that benefits had been properly denied, relying on two distinct sections of RSA chapter 282-A to reach this conclusion. The appeal tribunal found that "because of the claimant's restricted transportation arrangements, . . . he is not ready, willing and able to accept and perform suitable work during all of the hours and on all of the shifts that there is a market for the services he performs" as required by RSA 282-A:31, I(c) and I(d). The appeal tribunal found as well that because "it is the claimant's responsibility to secure reliable transportation which will allow him to accept suitable work when it is offered, . . . the claimant refused available, suitable work without good cause on April 13, 1987," within the meaning of RSA 282-A:32, I(d).

Following this decision, the claimant requested the commissioner to reopen the case, but the request was denied on June 29, 1987. On July 6, 1987, the claimant filed an appeal with the appellate board, formerly the appellate division, which subsequently affirmed the decision of the appeal tribunal. On November 23, 1987, the claimant filed a motion for reconsideration with the appellate board. This motion was denied on December 11, 1987. Thereafter this appeal was brought pursuant to RSA 282-A:67, II (Supp. 1988). We note that subsequent to his failure to obtain the Elliot Hospital

job, the claimant accepted employment as a second-shift security guard.

RSA 282-A:31, I(c) states that an unemployed individual will be eligible to receive benefits only if he "is ready, willing and able to accept and perform suitable work on all the shifts and during all the hours for which there is a market for the services he offers . . . ." RSA 282-A:31, I(d) requires the unemployed individual to be "available for and seeking permanent, full-time work for which he is qualified." The conclusion of the appeal tribunal that the claimant's refusal to accept one particular job, that of a second-shift cleaner at the Elliot Hospital, automatically rendered him ineligible to receive benefits, misconstrues the statute and the purpose it is designed to serve.

■■ As this court has previously held, the availability requirement of RSA 282-A:31, I(c) and I(d) serves "to test the claimant's attachment to the job market . . . ." *See St. Germaine v. Adams*, 117 N.H. 659, 662, 377 A.2d 620, 623 (1977); *Appeal of Longhi*, 127 N.H. 570, 571, 503 A.2d 833, 834 (1986). It must be determined whether the claimant "is unemployed because of a lack of suitable job opportunities or for some other reason such as physical incapacity or unwillingness to work." *Roukey v. Riley*, 96 N.H. 351, 352, 77 A.2d 30, 31 (1950). While the specific availability requirement found in RSA 282-A:31, I(c) requires more than mere "availability for work," the standard which was in force at the time of some of the earlier decisions of this court, *see, e.g., Roukey v. Riley, supra* at 352, 77 A.2d at 31, the claimant is nevertheless able to meet the stricter requirement, that he be available for "all the shifts and during all the hours for which there is a market for the services he offers . . . ." We hold that a person may be in compliance with this requirement even though he is unable to accept all jobs on all shifts. Unavailability to work a specific job, without more, does not disqualify a claimant from receiving benefits under RSA 282-A:31, I(c) or I(d).

The appeal tribunal in this case made the following findings of fact:

> "The claimant applied, but for first shift work only. He cannot work the hours of the second or third shift because *he has no transportation and there is no public transportation* which he could rely on to get him back and fourth (sic) to work during the hours of the second or third shift."

(Emphasis added.) The factual finding of no transportation being available to the claimant has not been objected to and is not before us for review.

■ In the case before us, the appeal tribunal erred in holding that because transportation is the responsibility of the employee, a lack of transportation can never constitute "good cause" within the meaning of RSA 282-A:32, I(d) for a failure to accept or apply for suitable work. *See Putnam v. Dept. of Employment Security*, 103 N.H. 495, 497, 175 A.2d 519, 520 (1961).

■ We hold that under the particular circumstances of this case, as found by the appeal tribunal, the claimant had good cause as required by RSA 282-A:32, I(d) for his failure to apply for the job at Elliot Hospital. Accordingly, we reverse the decision of the appeal tribunal.

*Reversed and remanded.*

All concurred.