# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0163, <u>Taylor McCarthy v. Frank Styles & a.</u>, the court on October 25, 2019, issued the following order:**

Having considered the memoranda of law and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Taylor McCarthy, appeals the order of the Circuit Court (<u>Weaver</u>, J.) denying his motion for contempt and dismissing his petition filed against the defendants, Frank Styles and Patricia Styles, under RSA 540-A:4 (Supp. 2018). We construe his memorandum to argue that the trial court's order is contrary to the evidence. He also argues that the court erred in awarding attorney's fees to the defendants, and that the judge was biased against him.

The record shows that the plaintiff petitioned the court for an order prohibiting the defendants from locking him out of his apartment without prior court approval. Based upon the allegations in the petition, the court granted the requested relief on a temporary, <u>ex parte</u> basis. The plaintiff subsequently moved for contempt, alleging that the defendants, after having been served with the court's order, had denied him access to the apartment. Following a hearing, the court denied the plaintiff's motion and dismissed his petition, finding that no landlord and tenant relationship existed between the parties.

RSA chapter 540-A (2007 & Supp. 2018) prohibits certain acts by landlords against their tenants. <u>See</u> RSA 540-A:3 (Supp. 2018); <u>Wass v. Fuller</u>, 158 N.H. 280, 283-84 (2009). RSA 540-A:1, II (2007) defines "tenant" as "a person to whom a landlord rents or leases residential premises." The court found that the plaintiff was not the defendants' tenant. We will uphold the trial court's factual findings if they are supported by the record. <u>Vention Med. Advanced Components v. Pappas</u>, 171 N.H. 13, 28 (2018). We defer to the trial court's judgment on issues such as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight of the evidence. <u>Id</u>.

The plaintiff testified that his grandfather regularly deposited money into the plaintiff's bank account, which the plaintiff used to pay $3,000 per month in rent to his father. The father admitted that he had recently been evicted from the property, and that there was no separate agreement of tenancy between the plaintiff and the defendants. The trial court found "this action to be frivolous and filed for the purpose of harassing the defendants as a result of

their eviction against [the plaintiff's] father." The record supports the court's findings. See id. The trial court was not required to accept the plaintiff's testimony that his father accepted his money as the defendants' property manager or agent. See id.

The plaintiff argues that the trial court erred in awarding attorney's fees without a finding of bad faith. Assuming, without deciding, that the plaintiff preserved this issue for review, see Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250-51 (2004), we have held that "where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct, an award of attorneys' fees to his opponent is within the court's power." St. Germain v. Adams, 117 N.H. 659, 662 (1977). As previously noted, the trial court found "this action to be frivolous and filed for the purpose of harassing the defendants as a result of their eviction against [the plaintiff's] father." These findings, which are supported by the record, amount to a finding of bad faith and are sufficient to support the court's award of attorney's fees. See Keenan v. Fearon, 130 N.H. 494, 502 (1988).

The plaintiff also argues that the trial court was biased against him. Assuming, without deciding, that he preserved this issue for review, see Bean, 151 N.H. at 250-51, we conclude, based upon our review of the record, that no reasonable person would have questioned the judge's impartiality and that no factors were present that would have per se disqualified him from participating in this case. See State v. Bader, 148 N.H. 265, 268-71 (2002).

We conclude that the plaintiff's remaining arguments are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2