127 N.J. Super. 431 (1974)
317 A.2d 744
IGNACIA GOMEZ VASQUEZ, CLAIMANT-APPELLANT,
v.
BOARD OF REVIEW, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT. FELICITA M. ROSAS, CLAIMANT-APPELLANT,
v.
BOARD OF REVIEW, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 26, 1974.
Decided April 1, 1974.
*432 Before Judges CARTON, LORA and SEIDMAN.
Cape May-Atlantic Legal Services, attorneys for appellants (Mr. Bernard-Paul Sypniewski, on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent, (Mr. George F. Kugler, Jr., former Attorney General of New Jersey, and Mr. Stephen Skillman, First Assistant Attorney General of counsel; Mr. Michael S. Bokar, Deputy Attorney General, on the brief).
PER CURIAM.
These are consolidated appeals by claimants Ignacia Gomez Vasquez and Felicita M. Rosas from decisions of the Board of Review, Unemployment Compensation Commission, Department of Labor and Industry, holding them ineligible for unemployment benefits.
Both claimants were employed at a restaurant in North Wildwood during the summer of 1972, and when they were laid off after the summer season because the restaurant closed for business from September to May, they returned to Puerto Rico, Vasquez going to Guayama and Rosas to Guayanilla. *433 It was understood they would be recalled by the restaurant about the middle of May 1973, the employer paying the travel fare.
They filed claims for unemployment compensation benefits in October 1972 through the Interstate Claims Office in Puerto Rico. Hearings were held in Puerto Rico in accordance with interstate hearing procedures. Each claimant was found ineligible for benefits on the ground she had reduced her prospects of finding employment by moving from an area of reasonable job opportunities to an area which had been classified as one of persistent unemployment, and therefore was unavailable for work within the meaning of the statute. The decisions of the Deputy defined areas of persistent unemployment as being areas which had had an unemployment rate of 12% or more for three or more consecutive months. The Appeal Tribunal affirmed, as did the Board of Review.
Claimants contend that what they have denominated the "12% Rule" violates the Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq., because it was never properly promulgated as a rule; that it violates N.J.S.A. 43:21-11 (b) because it was never filed with the Secretary of State, and that the Director of the Division of Unemployment and Disability Insurance has no authority to issue such rule for claims reviewers respecting eligibility for benefits of workers who move to areas of persistently high unemployment.
On June 30, 1972, in an effort to provide some concrete guidelines in evaluating a claimant's availability for work under the statute, a memorandum was sent to all claims reviewers in the Interstate Claims Section stating that effective July 1, 1972 a claimant who moved to a major labor area with an unemployment rate of 12% or more of the area's work force for three or more consecutive months would, with certain exceptions not applicable to these claimants, be held ineligible for benefits on the ground that he had voluntarily reduced his prospects of finding employment by restricting *434 his availability to an extremely limited number of job opportunities.
On September 5, 1972, a second memorandum (UIM-415) was forwarded to all local and interstate claims reviewers in the Division of Unemployment and Disability Insurance, amending the June 30, 1972 memorandum by setting forth that any area (as opposed to the prior memorandum's reference to "major labor areas") designated by the United States Department of Labor as one of "persistent unemployment," i.e., one in which the unemployment rate equalled or exceeded 12% for three or more consecutive months, would be within its policy scope. However, the memorandum cautioned local office personnel not to apply the criteria in a mechanical manner but as "additional factors to be considered in an overall determination of eligibility in each case."
The unemployment rate in the Guayama area at the time of Vasquez' arrival there and at the time she filed her claim equalled 26.7% of the area's work force, and had been 19% or higher for many months, whereas the rate for the Wildwood, New Jersey area at the time of her departure therefrom was 6.8%. Similarly, the unemployment rate in the Guayanilla labor area at the time Rosas returned there and when she filed her claim was 38% and had been 30% or more for many months. The rate for Ponce, the other area in which Rosas sought work, was over 19%.
N.J.S.A. 43:21-4(c) prescribes a three-fold test for an unemployed individual's eligibility to receive benefits. Such claimant must (1) be able to work, (2) be available for work, and (3) have demonstrated that he is actively seeking work. It follows, then, that if a claimant is deemed to be unavailable for work, he is without the intendment of the statute and his application for benefits must be denied.
The availability test is met if it appears that the individual is willing, able and ready to accept suitable work which he does not have good cause to refuse, that is, when he is genuinely attached to the labor market. Krauss v. A. & M. Karagheusian, 13 N.J. 447, 457-458 (1953). The determination *435 entails primarily a probe of the claimant's good-faith intention to work.
However genuine the claimant's desire to be attached to the labor market, the availability test is not met unless there exists a labor market to which he may be attached, that is, it must appear that there is a substantial amount of work in the area for the skills he has to offer. Valenti v. Board of Review, supra, 4 N.J. 287. This does not mean that job vacancies must exist. It means only that the type of services which an individual is offering is generally performed in the geographical area in which he is offering them. 55 Yale L.J., p. 124; Valenti v. Board of Review, supra. [Krauss, supra, 13 N.J. at 460]
Our Supreme Court in Krauss went on to explain that the primary determinant of the existence of the labor market contemplated under the test is "whether there is a market in the geographical area in which the claimant is willing to work for services which he is able to perform." Krauss, 13 N.J. at 462-463.
Krauss speaks of the need for a substantial amount of work in the area for the skills the claimant has to offer. Obviously, if heavy unemployment exists in an area of persistent unemployment, a substantial amount of work cannot be available. Consequently, if a claimant moves from an area in which a job market exists to one in which there is a great deal of unemployment, he is not available for work within the meaning of the statute, and hence is ineligible for benefits. Here, the record establishes the claimants effectively removed themselves from the labor market and as a consequence thereof they were properly denied unemployment benefits.
Under the circumstances of this case and in view of our disposition thereof, we find it unnecessary to pass upon claimants' contentions regarding what they have denominated the "12% Rule" and the alleged procedural deficiencies of UIM-415.
Affirmed.