765 A.2d 1082 (2001)
336 N.J. Super. 609
Thomas MELFI, Claimant-Appellant,
v.
BOARD OF REVIEW and Treasure Island, Respondents-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted January 10, 2001.
Decided January 29, 2001.
Thomas Melfi, appellant pro se.
John J. Farmer, Jr., Attorney General, attorney for respondent Board of Review (Mary C. Jacobson, Assistant Attorney *1083 General, of counsel; Pamela E. Schneider, Deputy Attorney General, on the brief).
Respondent Treasure Island did not file a brief.
Before Judges BAIME and CARCHMAN.
CARCHMAN, J.A.D.
Appellant Thomas Melfi appeals from a final decision of the Board of Review (the Board) denying his claim for partial unemployment compensation benefits for the week ending February 13, 1999. Appellant, who was collecting partial benefits while employed through a temporary employment agency, did not work on February 8, 1999, because he attended the funeral of his brother-in-law. Although appellant worked the remainder of the week, the Board determined that he was "unavailable for work" for the complete seven-day work week commencing on February 7, 1999, and was therefore disqualified for unemployment benefits, N.J.S.A. 43:21-4(c)(1) (permitting unavailability for work for up to two days when attending the funeral of defined family members), (6) and N.J.S.A. 43:21-19(q). Although we consider the legislative scheme permitting funeral attendance to be too restrictive, and not in keeping with the realities of extended familial relationships, we are constrained to follow this narrowly drawn statutory proscription and affirm.
The facts are simply stated. Appellant's brother-in-law died on February 5, 1999. Appellant and his brother-in-law did not reside in the same household. Appellant notified his employer that he would be attending his brother-in-law's funeral on February 8, 1999, and would not be available for work. He returned to work the next day and for the remainder of the week. Appellant's claim for partial unemployment compensation benefits for the week of February 7 to 13, 1999, was denied because appellant was "unavailable for work" on February 8. Following a hearing, the Appeal Tribunal affirmed, as did the Board. Appellant appeals, asserting that the compensation eligibility scheme under N.J.S.A. 43:21-4 and -19(q) violates his rights of free exercise of religion and equal protection under the First and Fourteenth Amendments to the United States Constitution. U.S. Const. amends. I, XIV. We conclude that appellant's free exercise claim is without merit. R. 2:11-3(e)(1)(E). This neutral statutory scheme as interpreted and applied does not violate any religious tenet asserted by appellant.
Under the Unemployment Compensation Law, N.J.S.A. 43:21-1 to -71 (the UCL), eligibility and disqualification for benefits are determined according to a claimant's weekly employment status. See, e.g., N.J.S.A. 43:21-5; N.J.S.A. 43:21-19(t). An individual is deemed "unemployed" for any week during which the individual is engaged in less than full-time employment resulting in remuneration less than the applicable weekly unemployment compensation benefit rate. N.J.S.A. 43:21-19(l)(A). A "week" is defined as "the calendar week ending at midnight Saturday, or as the [Department of Labor Division of Unemployment] may by regulation prescribe." N.J.S.A. 43:21-19(q).
An unemployed individual is eligible to receive benefits with respect to any week only if "[t]he individual is able to work, is available for work, and has demonstrated to be actively seeking work." N.J.S.A. 43:21-4(c)(1). The availability test of the UCL is satisfied when a claimant demonstrates that "he is genuinely attached to the labor market" and "is willing, able and ready to accept suitable work which he does not have good cause to refuse." Krauss v. A. & M. Karagheusian, Inc., 13 N.J. 447, 457, 100 A.2d 277 (1953); Vasquez v. Bd. of Review, 127 N.J.Super. 431, 434, 317 A.2d 744 (App. Div.), certif. denied, 65 N.J. 559, 325 A.2d 693 (1974). A claimant who is otherwise eligible to receive benefits under the UCL will not be considered unavailable for work "solely by reason of the individual's attendance *1084 at the funeral of an immediate family member, provided that the duration of the attendance does not extend beyond a two day period." N.J.S.A. 43:21-4(c)(6). An "immediate family member" is defined to include any of the following: "father, mother, mother-in-law, father-in-law, grandmother, grandfather, grandchild, spouse, child, foster child, sister or brother of the unemployed individual and any relatives of the unemployed individual residing in the unemployed individual's household." Ibid.
Although not articulated as such, appellant also challenges the constitutionality of the statutory scheme on equal protection grounds, claiming:
There is no basis to presume that in every case or even in the majority of cases that someone of the so named non immediate relatives such as an uncle, aunt, niece or nephew who doesn't reside in the claimant's same household does not have as close or closer relationship with a claimant than one who does.
While we cannot disagree with the validity of appellant's observations concerning family relationships, we also cannot say that the reality of those observations renders the statute unconstitutional. There is no "fundamental right" to attend a funeral; nor does appellant's status as a brother-in-law qualify him as a member of any "protected class." Thus, applying the rational basis standard, we find no viable equal protection claim, as the statutory scheme at issue is rationally related to the objective and legitimate goal of limiting recovery of benefits under these circumstances. See e.g. Romer v. Evans, 517 U.S. 620, 631, 116 S.Ct. 1620, 1627, 134 L.Ed.2d 855, 865 (1996) (noting that a legislative classification or distinction which neither burdens a fundamental right nor targets a suspect class will be upheld if it "bears a rational relation to some legitimate end"). This is a prime example of "line drawing." While appellant and others similarly situated may legitimately argue that the standard is too restrictive, that is a matter for the political process and appropriate legislative reaction, rather than judicial expansion of the defined class of qualified claimants. In sum, while we sympathize with the appellant's dilemma, we cannot legislate. Nor can we declare the provision unconstitutional when such a declaration is unwarranted.
Appellate courts have a limited role in reviewing the decisions of administrative agencies. We will not reverse an agency decision unless it is arbitrary, capricious or unreasonable, or it is not supported by substantial credible evidence in the record as a whole. In re Taylor, 158 N.J. 644, 656, 731 A.2d 35 (1999); R & R Mktg., L.L.C. v. Brown-Forman Corp., 158 N.J. 170, 175, 729 A.2d 1 (1999); Brady v. Bd. of Review, 152 N.J. 197, 210, 704 A.2d 547 (1997); Brock v. Pub. Serv. Elec. & Gas Co., 149 N.J. 378, 383, 693 A.2d 894 (1997). The decisions of administrative agencies carry with them the presumption of reasonableness. See City of Newark v. Natural Resource Council, Dep't of Envtl. Protection, 82 N.J. 530, 539-40, 414 A.2d 1304, cert. denied, 449 U.S. 983, 101 S.Ct. 400, 66 L.Ed.2d 245 (1980). We may not vacate an agency's determination simply because of doubts as to its wisdom, Brady v. Bd. of Review, supra, 152 N.J. at 210, 704 A.2d 547, or that of the legislative scheme upon which it is based.
Affirmed.