834 A.2d 1082

LIV SVENDSEN, PETITIONER–APPELLANT, v. BOARD OF REVIEW, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 28, 2003—Decided November 18, 2003.

204

Before Judges PRESSLER, ALLEY and COLEMAN.

Appellant filed a pro se brief.

*Peter C. Harvey,* Attorney General, attorney for respondent (*Patrick DeAlmeida,* Deputy Attorney General, of counsel; *Allan J. Nodes,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

ALLEY, J.A.D.

Petitioner Liv Svendsen appeals from a decision of the Board of Review mailed April 15, 2002, which affirmed a decision of the Appeal Tribunal mailed March 1, 2002. She challenges four rulings. First, the Appeal Tribunal held that petitioner is ineligible for benefits for November 9 and 10, 2001, "as she was unavailable for work. . . ." Second, it further held her ineligible for benefits from November 4 through 10, 2001, "as there were less than seven eligible days during that calendar week, in accordance with *N.J.S.A.* 43:21–4(c) and *N.J.S.A.* 43:21–19(q)." Third, the Appeal Tribunal declared petitioner ineligible for benefits from November 21 through December 22, 2001, "as she was unavailable for work, in accordance with *N.J.S.A.* 43:21–4(c)." Finally, it declared her liable for a refund in the amount of $179 as benefits paid for the weeks ending November 3, 2001, pursuant to *N.J.S.A.* 43:21–16(d) and *N.J.A.C.* 12:17–14.3. The Board of Review affirmed the Appeal Tribunal's decision in its entirety.

Petitioner was a part-time passenger agent for Scandinavian Airlines (SAS). She testified at her hearing that she worked in that capacity five days a week, five hours per day, for a twenty-five hour per week total. She was laid off October 21, 2001, and was scheduled for recall to employment at SAS the following March. It appears that a number of other SAS employees were also laid off at the same time, all as a result of the severe impact of the events of September 11, 2001, on the airline business.

Petitioner was required to attend a mandatory reemployment orientation on Thursday, November 8. It appears undisputed that on that date she went to the place where the orientation was to be held, which we take to have been the local unemployment compensation office. She waited in the wrong place at the office,

however, and missed the orientation session, which unknown to her was taking place at the very time she was waiting in another part of the office. She was told she had to reschedule her orientation and was asked to come back the next day, Friday, November 9. Petitioner was unable to attend on November 9, however, claiming that: "I was involved with my daughter's wedding. If the office was not closed on [Monday] 11/12, I would have been able to come in then...." The wedding was to be held November 10, a Saturday. The reemployment orientation session was rescheduled for November 13.

Petitioner thus acted in good faith and appeared for the reemployment orientation session on November 9 as required. She missed attending the session only because she was in the wrong part of the office while it was taking place. In these circumstances, there was no rational basis for the agency to disqualify her from benefits simply for the reason that on November 9, petitioner was legitimately unable to attend a make-up session on less than twenty-four hours notice because she was tied up with arrangements for her daughter's November 10 wedding. She testified at her hearing about these obligations, including having to meet relatives coming from Norway, and having a house full of people, and those facts are undisputed.

As a result, there can be no legitimate dispute based on the evidence in the record that petitioner was available for work on November 8, 2001, when she appeared for reemployment orientation as directed by respondent. She was present in the office when the session was being given, and it was only through no fault of her own that she missed the session on the day that she was present.

We reiterate that it was on November 8 that petitioner was apprised that respondent wished to reschedule her for another reemployment orientation session on November 9. Because petitioner acted in good faith and personally appeared at the unemployment office on November 8, and because she had a reasonable and understandable basis for not being able to attend a resched-

uled session on November 9 at respondent's arbitrary direction on less than twenty-four hours notice, we conclude that to deny her benefits for the period November 8 to November 13 on the asserted ground that she was unavailable for work, *N.J.S.A.* 43:21–4(c), is unsupported by any rational basis in the record and fundamentally unfair. We would not condone such peremptoriness in judicial proceedings and see no reason to do so when it occurs instead by administrative fiat.

Accordingly, the determination by the Appeal Tribunal that petitioner "is ineligible for benefits from 11/9/2001 to 11/10/2001, as she was unavailable for work" cannot stand. Furthermore, because she was eligible on those dates, it follows that she had seven eligible days for benefits for the calendar week of November 4, 2001. *See N.J.S.A.* 43:21–4(c); *N.J.S.A.* 43:21–19(q). As we have explained, petitioner was available for the dates through Friday, November 9 and as a result respondent was manifestly incorrect in determining that she was disqualified for benefits the week of November 4 because "there were less than seven eligible days during that calendar week...."

■ We also part company from respondent over its conclusion that petitioner improperly restricted her employment search to part-time work. Indeed, the only rational way to construe petitioner's position, as set forth in her uncontradicted testimony and her submissions, is that she preferred part-time work but was willing and able to work full-time if necessary. To consider her mere preference for part-time work to be a flat refusal to be available for full-time work in our view defines arbitrariness.

In the alternative, moreover, we see no basis for denying petitioner benefits, even if she could legitimately be described as one who "limited her availability to part-time work" as stated in *N.J.A.C.* 12:17–12.7(a). That regulation presents a four-prong test for one who limits his or her availability to part-time work, which requires the denial of benefits unless the following conditions are met:

1. The individual has worked in part-time work during a substantial portion of the individual's base year. A "substantial portion" of the individual's base year is defined as earning sufficient wage credits in part-time employment to establish a claim for benefits;

2. There is good cause for such limitation. For the purposes of this subsection, the term "good cause" is defined as substantial circumstances which prevent the individual from accepting full-time employment, including, but not limited to, childcare, eldercare, ill health, need to care for ill or disabled family member, and school attendance;

3. There is sufficient part-time work in the claimant's general labor market to justify his or her restriction to part-time work; and

4. The individual is available for enough weekly hours to be able to earn remuneration equal to at least the individual's weekly benefit amount.

[*N.J.A.C.* 12:17–12.7]

Inasmuch as petitioner unquestionably had been employed on a part-time basis at the time she was laid off by SAS, she satisfies the first prong of this four-part test. We infer from the portion of the record on these issues that does exist, moreover, that given a fair opportunity to do so, petitioner also may have been able to develop information that would legitimately support the inference that she was available for work on a part-time basis, that there was good cause for the limitation, and that sufficient part-time work existed in her general labor market to justify her restriction to part-time work.

As we have stated, however, respondent inappropriately determined that petitioner had inflexibly limited herself to searching for part-time work, whereas the record plainly contradicts that conclusion. This bespeaks a hearing with a foreordained outcome rather than the result of an impartial and open-minded consideration of the evidence and circumstances, when it is undisputed that petitioner was willing and able to work part-time.

It is true that in its findings of fact, the Appeal Tribunal stated that:

[I]n a certified statement to the deputy taken on 11/27/2001, the claimant indicated since filing her claim she is seeking retail work up to 25 hours per week and prefers part-time work.

At the hearing the claimant has indicated she is available for full or part-time work.

Since filing her claim the claimant has made 8 employer contacts with a variety of employers.

The Appeal Tribunal also stated:

The claimant's restriction to part-time work because that is her preference is not a compelling reason for such restriction as stated in her certified statement to the deputy.

She now indicates she is willing to accept full time work, however, in over a 2 month period the claimant has contacted only 8 employers.

This does not demonstrate a sustained and systematic search for full-time work.

These observations are in our view insufficient to neutralize the effect of the agency's arbitrary predisposition against petitioner based on her preference for part-time work and her inability to attend the rescheduled reemployment orientation on November 9.

We conclude that petitioner is entitled to a hearing de novo on the issue of her availability for work. In view of the foregoing, it was similarly error for respondent to conclude that petitioner was obligated to refund the sum of $179 for the weeks ending November 3, 2001, pursuant to *N.J.S.A.* 43:21–16(d) and *N.J.A.C* . 12:17–14.3.

■ If the decision before us is a determination of an administrative agency which is neither contrary to law nor arbitrary, capricious or unreasonable, nor lacking in substantial support in the evidence, we typically do not disturb the decision of the agency from which the appeal has been taken. *Henry v. Rahway State Prison,* 81 *N.J.* 571, 579–80, 410 *A.*2d 686 (1980); *Campbell v. Dep't of Civil Serv.,* 39 *N.J.* 556, 562, 189 *A.*2d 712 (1963).

■ Moreover, when our careful review of the record persuades us that there is substantial support in the evidence for the decision from which a petitioner appeals, it is incumbent on us in these circumstances to defer to the decision of the administrative body even if we would have reached a different conclusion. *Clowes v. Terminix Intern., Inc.,* 109 *N.J.* 575, 588, 538 *A.*2d 794 (1988); *Zielenski v. Bd. of Review,* 85 *N.J.Super.* 46, 54, 203 *A.*2d 635 (App.Div.1964); *see also R.* 2:11–3(e)(1)(D).

As we have explained, however, there is no rational basis for the conclusion that petitioner was unavailable for work on November 9, in view of her appearance and availability for reemployment orientation on November 8, and the arbitrary nature of the notice given to her to attend the next available make-up session on November 9. Additionally, respondent should not have unreasonably construed petitioner's preference for part-time work as a refusal either to work or diligently seek work. We are convinced that these determinations so tainted the proceedings as to render them unreliable in their entirety, even if other portions of the agency's findings might otherwise have appeared sustainable. *See LoBiondo v. Schwartz,* 323 *N.J.Super.* 391, 425, 733 *A.*2d 516 (App.Div.), *certif. denied,* 162 *N.J.* 488, 744 *A.*2d 1211 (1999) (holding that trial tainted by errors precluded confidence in any consistent element of the jury verdict). To deprive petitioner of benefits she seeks or has received is in these circumstances arbitrary, capricious, and unreasonable, and the decisions from which petitioner has appealed, being thus tainted, cannot stand.

Accordingly, we reverse, and we remand for a hearing de novo to be held by respondent on the issue of whether petitioner was ineligible for benefits because she did not diligently seek work, either full-time or, if qualified therefor, part-time.