885 A.2d 453

CINDY S. MCCOY, CLAIMANT–APPELLANT, v. BOARD OF RE-VIEW, DEPARTMENT OF LABOR, RESPONDENT–RESPON-DENT, AND NURSEFINDERS, INC., RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted September 27, 2005—Decided November 7, 2005.

Before Judges SKILLMAN, AXELRAD and PAYNE.

*South Jersey Legal Services, Inc.*, attorney for appellant (*Alan W. Lesso*, on the brief).

*Peter C. Harvey*, Attorney General, attorney for respondent (*Michael J. Haas*, Assistant Attorney General, of counsel; *Ellen A. Reichart*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

PAYNE, J.A.D.

Petitioner Cindy McCoy worked full-time for Nursefinders, Inc. as a certified home health aide until January 2004, at which time she decided to accelerate her schooling by taking a full semester's college credits. She therefore ceased caring for a patient for whom she had previously been working thirty-five hours per week during the day from eight to three on weekdays, and she sought a different full-time schedule that would accommodate her hours in school. There is a factual dispute as to exactly when McCoy was in school. Nursefinders stated, on the basis of an employee evaluation signed by McCoy, that she was available for work only on Tuesdays and Thursdays and alternate weekends. McCoy gave a statement in an interview by an employee at a local

unemployment office, later repudiated in part, that she went to school Monday through Thursday from 11:00 a.m. to 1:30 p.m. In any event, although Nursefinders had full-time work available for McCoy, it did not have full-time work that accommodated McCoy's school schedule. Accordingly, it offered McCoy only part-time work. Her hours were thus reduced to sixteen to twenty-four per week.

On May 23, 2004, McCoy applied for partial unemployment benefits. A hearing on her eligibility for such benefits took place at which both McCoy and a representative of Nursefinders testified. The hearing officer found McCoy to be disqualified from receiving benefits from January 25, 2004. On appeal to the Appeal Tribunal and then to the Board of Review, the determination to deny unemployment benefits was upheld on the ground that work was available to McCoy, but she was unable to accept it because of her school schedule, and thus she was not "available for work" as required by *N.J.S.A.* 43:21–4(c) and *N.J.A.C.* 12:17–2.1.

McCoy has appealed. We affirm.

On appeal, McCoy claims that she remained available for work throughout the period in question because she was willing, able and ready to accept suitable work that she had no good cause to refuse. *Krauss v. A. & M. Karagheusian, Inc.,* 13 *N.J.* 447, 457, 100 *A.*2d 277 (1953). In particular, McCoy relies on our decision in *Tung–Sol Electric, Inc. v. Bd. of Review,* 35 *N.J.Super.* 397, 114 *A.*2d 285 (App.Div.1955) in support of her assertion that availability for work was demonstrated by her. In *Tung–Sol,* the petitioner had been laid off from a part-time, six-hour position on the employer's second, evening shift. Although, following the lay-off, she made herself available for the full eight and one-half hours of that evening shift, she declined full-time work during the day because she was, during those hours, responsible for the care of her three young children. On appeal by the employer from a determination that petitioner was entitled to benefits, we affirmed, finding that petitioner did not render herself ineligible because,

for good cause, she limited her availability to a single shift. *Id.* at 402, 114 *A.*2d 285.

The present case differs from the facts of *Tung–Sol,* because McCoy did not make herself available for an uninterrupted period of work offered in the normal course by her employer, but instead demanded a schedule of interrupted hours that accommodated her class and study time that, in sum, constituted full-time employment.[1] McCoy offered no evidence that she sought employment other than at Nursefinders.

At the hearing in the matter, Nursefinder's representative testified that the patients that the agency served generally sought care that was uninterrupted by the changes in personnel that would have been required if McCoy were assigned to the job. Indeed, the patient whose full-time care McCoy relinquished refused an arrangement that would have split his care between McCoy and another. As a result of this evidence, a factual determination was made that McCoy was not available for the full-time work that she sought. We have no basis for disturbing that determination. *Svendsen v. Bd. of Review,* 364 *N.J.Super.* 202, 209, 834 *A.*2d 1082 (App.Div.2003) (reciting our standard of review).

In reaching our decision, we concur with the implicit administrative finding that, to be available for work, the potential employee must demonstrate an ability and willingness to conform to a reasonable work schedule offered by the employer. We find no right to unemployment compensation upon evidence, as here, that the claimant can make herself available at assorted hours that, if worked, would constitute a full-time work week. In such an instance, the claimant is not "attached to the labor market" at crucial times, and therefore fails the availability test of the unem-

---

[1] We also find inapposite *Scardina v. Commonwealth of Pa, Unemployment Comp. Bd.,* 113 *Pa.Cmwlth.* 511, 537 *A.*2d 388 (1988), upon which petitioner also relies, since there the claimant, a full-time student, expressed a willingness to change his classes from day to night in order to obtain employment. *Id.* at 390.

ployment compensation law. *Melfi v. Bd. of Review,* 336 *N.J.Super.* 609, 612, 765 *A.*2d 1082 (App.Div.), *certif. denied,* 168 *N.J.* 289, 773 *A.*2d 1153 (2001) (quoting *Krauss, supra,* 13 *N.J.* at 457, 100 *A.*2d 277 and *Vasquez v. Bd. of Review,* 127 *N.J.Super.* 431, 434, 317 *A.*2d 744 (App.Div.), *certif. denied,* 65 *N.J.* 559, 325 *A.*2d 693 (1974)).

We do not regard it necessary to determine whether attendance at school constitutes "good cause" for a restriction of availability to a certain block of hours, since petitioner never demonstrated an ability or willingness to conform to any schedule available through her employer. *See Tung–Sol, supra,* 35 *N.J.Super.* at 402, 114 *A.*2d 285 (finding family responsibilities to constitute good cause for refusal of daytime employment in the context of that case).

Affirmed.